**STEPHENS COUNTY v. HAYNES. (No. 51.)**

(Court of Civil Appeals of Texas. Eastland. Nov. 20, 1925.)

**1. Accord and satisfaction ⊫11(1)—Compromise and settlement ⊫5(2)—Unless plaintiff accepted warrants for less than salary claimed in full satisfaction, there was no accord and satisfaction.**

Unless road superintendent suing for unpaid salary accepted warrants for less than monthly salary claimed in full satisfaction, there was no accord and satisfaction.

**2. Highways ⊫94—Road superintendent did not waive and was not estopped to assert claim for unpaid salary by accepting warrants for lesser amounts, where he did not present bills, never gave receipt in full, and was never notified that warrants were in full settlement.**

Where road superintendent suing for unpaid salary did not present bills monthly for amounts paid him, never gave receipt in full, and was never notified that warrants tendered were in full settlement, he did not waive and was not estopped to assert claim by accepting warrants.

**3. Highways ⊫94.**

In road superintendent's suit for unpaid salary, plaintiff's testimony *held* not to show conclusively that he consented to salary reduction.

**4. Highways ⊫94.**

Road superintendent's ratification of reduction of salary by commissioners' court must be based on full knowledge.

**5. Highways ⊫94—Road superintendent, without knowledge of part of void order of reappointment reserving right to discharge him at any time, held not to have ratified reduction of salary by same order.**

Road superintendent was not bound to take notice of commissioners' court's order of reappointment, made before expiration of his term, and reserving right to discharge him, and, in absence of knowledge of such reservation, did not ratify reduction of his salary by same order by accepting warrants thereunder.

Appeal from District Court, Stephens County; C. O. Hamlin, Judge.

Action by W. A. Haynes against Stephens County. Judgment for plaintiff, and defendant appeals. Affirmed.

Goggans & Allison, of Breckenridge, for appellant.

H. A. Leaverton, of Breckenridge, for appellee.

PANNILL, C. J. The trial was before court without the aid of a jury. Appellee was appointed, by the commissioners' court, road superintendent of appellant county for a term of two years at a salary of $250 per month, under an act of Legislature creating such office. After having duly qualified and served one year, said court without notice to appellee, entered an order reappointing appellee, and reserving the right to discharge him at any time and reducing his salary to $200 per month. Appellee was informed by one of the commissioners that his salary had been cut, and later was so informed by the court, but not as the other terms of the order. At this time, according to appellee's testimony, he stated to the court:

"I said I was sorry they saw fit to do that, but we had a big program of work on hand, and I wanted to get along harmoniously with the court, and we would not discuss that matter with the court at that time."

Thereafter warrants were issued to appellee for $200 per month. There is no showing that such warrants contained any statement showing that they were paid or accepted in full settlement. Suit was brought for the remaining salary under the original appointment, and judgment was for appellee for $600.

[1, 2] No contention was made as to appellee's services giving full satisfaction. The record shows he was a competent, diligent, and faithful officer. The appellant submits three grounds for reversal: First, there was a mutual agreement to reduce appellee's salary. This contention is disposed of by that part of the record quoted, which is that the order was entered without notice, and that when notified his salary was cut, he declined to agree to the action taken. Second, that there was an accord and satisfaction. This fails, because there was no proof that appellee accepted the warrants in full satisfaction. Graham v. Kesseler (Tex. Civ. App.) 192 S. W. 299; Early-Foster v. Klump & Co. (Tex. Civ. App.) 229 S. W. 1015–1024; Warner v. Channell Chemical Co., 121 Wash. 237, 208 P. 1104. Third, that appellee, having accepted the warrants under the second order, waived his claim and is estopped, citing 26 Cyc. 1039, and authorities supporting the text. It is apparent that this contention cannot be sustained under the rule here stated. Here there is no showing that appellee presented his bill monthly for $200, nor that he ever gave a receipt in full, or that he was ever notified that the warrants tendered were in full settlement.

[3-5] The other authorities cited are based on consent of an employee to continue the employment at less salary. It is not believed that appellee's testimony conclusively shows consent on his part to the reduction of his salary. Again, ratification must be based on full knowledge, and such knowledge is not shown to appellee of that part of the order authorizing the court to discharge him at any time. Appellee was not bound to take notice of the order. It was void. As stated, his was a public office and was not vacant.

We conclude the trial court was justified in his conclusion that appellee did not consent to the attempted reduction and did not

---

⊫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
284 S.W.—15

accept the amount received in full satisfaction, and, believing that in this case "the laborer is worthy of his hire," the judgment is affirmed.