## KITCHENS et al. v. ROBERTS, County Treasurer. (No. 3792.)

Court of Civil Appeals of Texas. Texarkana. Jan. 30, 1930.

Rehearing Denied Feb. 13, 1930.

Jones & Jones, of Mineola, for appellants. V. B. Harris, of Quitman, for appellee.

WILLSON, C. J. (after stating the case as above). We think the holding of the Supreme Court in Altgelt v. Gutzeit, 109 Tex. 123, 201 S. W. 400, warranted the judgment from which this appeal is prosecuted. In that case it appeared the Legislature had provided as follows in section 5 of a special or local law making provision for a road system for Bexar county:

"Each precinct county commissioner shall inspect and supervise from time to time all roads in his precinct, and shall do and perform any and all acts required of him by the commissioners' court, and all other duties required of him by law as county commissioner, and shall receive for his services an annual salary of twenty-four hundred dollars ($2,400.00) per annum, to be paid out of the general fund of the road and bridge fund, or any other available fund or the special road and bridge fund, in monthly installments, and shall be in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law." Loc. & Sp. Laws, 33d Leg. c. 77.

And it was contended that the special act therefore amounted to a law "regulating the affairs" of Bexar county, and hence was within the inhibition of section 56 of article 3 of the Constitution, which declares that except as otherwise therein provided the Legislature shall not pass any local or special law regulating the affairs of counties, etc., and, further, that no local or special law shall be enacted where a general law can be made applicable. In holding the special law to be unconstitutional the Supreme Court, by Phillips, C. J., said:

"We regard the section as a plain attempt to fix the compensation of the commissioners for all services required of them by law. The amounts payable to county commissioners in return for the discharge of their general duties are fixed by general laws, as they should be. It is provided by Article 3870 [since amended] that they shall each receive three dollars for each day they are engaged in hold-

ing a term of the commissioners' court; but shall receive no pay for holding more than one special term of the court per month. By Article 6901 as amended by the Acts of 1913 (Acts 33d Leg. c. 126 [Vernon's Sayles' Ann. Civ. St. 1914, art. 6901]), they are constituted supervisors of the public roads of their counties, and their compensation for services as such is fixed at three dollars per day for the time actually employed in those duties, limited to not more than ten days in one month. By Section 5 of this special act (Loc. & Sp. Acts 33d Leg. c. 77) these general laws are declared as superseded. It says that the annual salary of $2,400.00 for each commissioner of Bexar County there provided shall be 'in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law.' This simply means that for their general services their compensation shall be no longer as limited by the general law, but shall be as fixed by this law. The salary thus provided for, in other words, was intended to cover, not merely their services having to do with the public roads as required by the act, but all services required of them by law. Just what relation a local law making provision for a county road system can properly have to the subject of the general compensation of county commissioners, it is difficult to perceive."

In the special act of the Legislature (Loc. & Sp. Laws 39th Leg. c. 97) in question here, each county commissioner of Wood county was declared to be "ex-officio road supervisor of his respective commissioners' precinct." Section 3 of the act, in part, was as follows:

"Each of said road supervisors shall receive as compensation for inspecting, supervising and his work in the repair, construction and maintenance of roads, bridges, and culverts, and all other duties required of him as such road supervisor in his precinct, and as county commissioner, the sum of $5.00 per day for each day he is so engaged in said work as road supervisor, but for not more than 25 days in any one month, to be paid out of the third class fund of the county on order of the commissioners' court, and each of said road supervisors shall file his claim, under oath, showing the number of days in each month that he has been actually engaged in said work, together with the report herein required, which claim shall be approved by the commissioners' court in open court."

It was provided in section 12 of the act that it should "be held cumulative [quoting] of all General Laws of this State on this subject, when not in conflict with this Act, but in case of conflict this Act shall control as to Wood County."

It will be noted that the Legislature undertook by this special law, as it did by the one for Bexar county (the Supreme Court said), "to fix the compensation of the commissioners for all services required of them by law"— a thing that court determined the Legislature was without power to do by such a law.

In the course of his opinion in the Altgelt-Gutzeit Case, Chief Justice Phillips said:

"No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads."

Evidently, we think, what the Chief Justice meant was that the Legislature might by a special or local law impose duties with reference to public roads not imposed by the general law on a county commissioner, and in such special or local law provide for compensation to the commissioner for the extra services required of him. But the Legislature did not undertake to do that in the instant case, but undertook instead to do the thing the court determined in the Altgelt-Gutzeit Case it could not do—that is, "to legislate upon the subject of their [county commissioners'] general compensation or to alter the general laws governing it."

On the authority of the Altgelt-Gutzeit Case, we hold the special act in question to be unconstitutional.

The judgment will be affirmed.