QUINN v. JOHNSON, County Judge, et al.

No. 2862.

Court of Civil Appeals of Texas. Beaumont.

Feb. 4, 1936.

Rehearing Denied Feb. 19, 1936.

A. M. Huffman, of Beaumont, for appellant.

Chas. A. Howell and E. W. Easterling, both of Beaumont, for appellees.

COMBS, Justice.

Appellant, B. E. Quinn, taxpaying citizen of Jefferson county, Tex., filed this suit against the county judge and four commissioners of Jefferson county, seeking to enjoin the four commissioners, and each of them, from using and operating certain automobiles purchased by the county for their use in supervising the public roads and highways. Upon the trial the trial court sustained the defendants' general demurrer to the plaintiff's petition and, the plaintiff refusing to amend, dismissed the suit. This appeal is from the order of dismissal.

It appears that Jefferson county operates under a special road law which vests general control and supervision of public roads and highways in the commissioners' court; creates each commissioner a road commissioner within his precinct, and empowers the commissioners' court to adopt such system for working, laying out, draining, and repairing the public roads as it may deem best. The act prescribes the powers and duties of the commissioners with respect to the maintenance of highways in some detail, but the foregoing summary sufficiently indicates the nature of the special law, which is chapter 24, Loc. & Sp. Acts of 1911, p. 167, 32d Leg. G.L.V. 15. That act does not provide for the furnishing of any transportation to the members of the commissioners' court while acting as road supervisors, but by special law subsequently enacted by the Legislature, and being chapter 166, Gen. & Sp. Laws 40th Leg. (1927) p. 240, G.L.V. 25, provision was made for furnishing such transportation. By its terms the latter act empowers the commissioners' court of Jefferson county to purchase automobiles for use of the members of the commissioners' court "while acting as road supervisors." The basis of plaintiff's suit is the alleged unconstitutionality of the act authorizing the purchase and use of the automobiles. The general purpose of the act is sufficiently shown by the first paragraph of section 1 thereof, which reads as follows:

"Section 1. That the Commissioners' Court of Jefferson County, Texas, is hereby authorized and empowered when in its judgment it may be deemed advisable, to purchase for the use of County Commissioners when acting as road supervisors, such motor equipment or automobiles as said court may deem essential to the proper supervision of road construction and to the inspection and maintenance of same, and to enable said court to promptly care for all emergency repairs necessary to keep open the public highways of said county."

Other portions of the act specify the maximum amount which may be paid for such automobiles, the manner of their purchase, and for payment by the county of the expense of their operation. It is also provided that any person who may use such equipment for other than official business shall be liable for such use at the suit of the county.

In his petition the plaintiff sets forth the material portions of said act and further pleads in substance that, acting under authority of and in accordance with said act, the commissioners' court of Jefferson county has purchased four automobiles, one for the official use of each of the four commissioners, and that said automobiles have been and still are being used by said commissioners. It is charged that the act in question is unconstitutional and void in that (a) said act is an attempt to regulate the affairs of Jefferson county by special and local law and, therefore, contravenes article 3, § 56, of the Constitution of Texas which provides that "the Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law * * * regulating the affairs of counties, cities, towns, wards or school districts"; and (b) that said special act was passed without notice of intention to apply for its passage being given, as required by the Constitution, Art. 3, § 57.

In addition to pleading the unconstitutionality of the act under which the automobiles were purchased and are being operated, the plaintiff further specifically alleged that the members of the commissioners' court have, for various lengths of times, specifically stated, and still are, unlawfully using said automobiles for their own personal benefit and that "all expenses of the maintenance, use and operation" of said cars have been and are being unlawfully charged to and paid from the county treasury of Jefferson county, Tex. It is further alleged that neither the plaintiff nor other taxpayers of the county have an adequate remedy at law by which they can prevent such unlawful use of said automobiles. The prayer is for writ of injunction restraining said members of the court, and each of them, from further us-

ing said automobiles and from purchasing oil, gasoline, or other supplies with county funds for such use.

Since the appeal is from an order sustaining a general demurrer and dismissing appellant's suit, the basic inquiry, of course, is whether the petition, which we have briefly summarized above, stated a cause of action for injunctive relief.

■ Admittedly the act here assailed is a local or special law relating to Jefferson county. And if, as contended by appellant, the Legislature sought thereby to "regulate the affairs" of Jefferson county, within the meaning of the constitutional inhibition on such legislation, the act would be void. Altgelt .v. Gutzeit, 109 Tex. 123, 201 S.W. 400; Austin Bros. v. Patton (Tex. Com.App.) 288 S.W. 182; Duclos v. Harris County (Tex.Civ.App.) 251 S.W. 569, affirmed 114 Tex. 147, 263 S.W. 562; Kitchens v. Roberts (Tex.Civ.App.) 24 S.W. (2d) 464 (writ refused). It will be noted that the provision invoked by appellant generally inhibits local or special legislation regulating the affairs of counties, etc., "except as otherwise provided in this Constitution." An exception is provided by article 8, § 9, which, in addition to other provisions, provides: "The Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws."

As suggested by Justice Brown, speaking for our Supreme Court, in Dallas County v. Plowman, 99 Tex. 509, 91 S.W. 221, 222, this constitutional exception empowers the Legislature, by special law, to increase the capacity of a county to maintain a system of public roads and the word "'maintenance' must be held to include all of the things necessary to be done to accomplish that purpose. Recognizing that differences existed and would exist in the financial conditions, the character of the soil, and otherwise in the counties, which would make it necessary for the different counties to use different methods in maintaining public highways, the last clause of section 9 was added to authorize the Legislature to meet the varying needs of the counties by local laws." Such provision is the constitutional basis for all of the numerous local road laws affecting the matter of the maintenance of roads within the respective counties of the state. It is no longer open to question that any special or local road law which limits its scope to what may

reasonably be considered matters pertaining to the "maintenance" of the public roads and highways of a county is valid. Dallas County v. Plowman, supra; Crow v. Tinner (Tex.Civ.App.) 47 S.W.(2d) 391 affirmed 124 Tex. 368, 78 S.W.(2d) 588; Henderson County v. Allred, 120 Tex. 483, 40 S.W.(2d) 17.

■ Under the authority of the above cases, we have no doubt that the special Jefferson county road law assailed in this suit is constitutional. It purports to deal only with the matter of providing transportation for the limited use of the members of the commissioners' court in maintaining and keeping open an efficient system of roads and while engaged in supervising the highway system of the county for such purpose. The special road law of Jefferson county, of which the particular act in question is but supplementary, imposes numerous duties upon the commissioners as supervisors of roads which are not imposed upon them as commissioners by the general law. The Legislature, in passing the special act in question, recognized that certain peculiar conditions exist within Jefferson county which justify the county in furnishing modes of conveyance to the commissioners as an aid to them in discharging efficiently their duties as road supervisors. The emergency clause of the act recites in part:

"Whereas, the great road mileage makes it necessary that proper equipment be provided for the inspection of the roads, and to keep the same open for the large volume of traffic, and present methods of transportation are inadequate, and the importance of this Legislation to the people of Jefferson County creates an emergency," etc.

Whether such special conditions in fact exist is not within the province of the courts to determine, that matter being peculiarly within the scope of legislative authority. It is the province of the courts to determine only whether the scope of the act in question is within the limits of the constitutional grant of power for the enactment of such legislation.

■ In determining whether the Jefferson county act satisfies such test, the recent case of Crow v. Tinner, supra, is directly in point. That case involved the constitutionality of a special road law of Hill county, which authorized the reimbursement of county commissioners for expenses incurred by them in the operation of their

own private automobiles while supervising the maintenance of the roads in the county. The Court of Civil Appeals at Waco held the act valid (47 S.W.(2d) 391, 393). Justice Alexander, speaking for the court, specifically held that since the Hill county special road law imposed upon the commissioners added duties of supervision not imposed upon them as county commissioners under the general law, it was essential that they be provided with the means of discharging the duties so imposed, and that "this could have been done either by providing the means of conveyance or by compensating the commissioners for the expenses incurred by them in doing so." The opinion of the Waco court was adopted by the Commission of Appeals. 124 Tex. 368, 78 S.W.(2d) 588.

In so far as the legal principles involved are concerned, we perceive no difference in the Jefferson county law we are here considering and the Hill county law involved in the above case. There the Legislature authorized the commissioners' court to compensate the commissioners for expenses incurred by them in using their own conveyances. Here the law empowers the commissioners' court to furnish the conveyances. The only difference is one of detail. The object sought to be accomplished—the furnishing by the county of the means for efficient road supervision—is the same in each case. Here, the Legislature, by special law, empowered the commissioners' court to accomplish the end by furnishing the transportation. Our Supreme Court has specifically held it had the constitutional right to do so.

■ But one other matter remains to be disposed of. Plaintiff specifically alleged that the several commissioners have been, and still are, unlawfully using the automobiles furnished by the county and charging the expense of the operation thereof for their own private use to the treasury of the county. And it is insisted that even though the validity of the special law be conceded, still the petition, because of such allegations, stated a cause of action for injunction and, therefore, the trial court erred in sustaining the general demurrer.

It is a sufficient answer to this contention to say that under the very terms of the act which the appellant is attacking, those who use said automobiles for an unlawful purpose are liable for such unlawful use at the suit of the county. The law, therefore, affords a plain and adequate remedy for redress of the wrongs alleged and, under a rule of equity too well recognized to require citation of authority, the injunctive powers of the court may not be invoked for such purpose. Finding no error, the judgment of the trial court is in all things affirmed.

On Rehearing.

■ In his motion for rehearing appellant suggests that we erred in taking judicial notice of the Jefferson county special road law enacted in 1911 (Loc. & Sp. Laws c. 24), since that act does not, by its terms, provide that courts shall take judicial notice of it.

It is true that in our original opinion we made reference to the special road law under which Jefferson county operates, and pointed out that the special act under attack in this suit subsequently enacted and providing for the purchase of automobiles for use of the county commissioners in supervising roads is merely supplementary of it. However, it is not necessary to the disposition that we have made of this case that we take judicial knowledge of the special road law of 1911. Appellant's attack is upon the constitutionality of the special act authorizing the purchase and use of the automobiles by the commissioners, and the burden was upon him to plead and prove every fact essential to show its invalidity. On the face of the act it clearly relates to the "maintenance of roads" and hence belongs to that class of legislation which the Legislature may enact by special law. And if it be conceded that the existence of a special road law placing added burdens of road supervision on the commissioners not imposed by general law is essential to its validity, a question which we do not decide, still it is not for the courts to presume that such special law did not exist. On the contrary, the presumption obtains until the contrary is made to appear that the Legislature acted within its constitutional powers in enacting the special law here under attack.

The motion for rehearing is overruled.