**JAMESON et al. v. SMITH, County Clerk, et al.**

**No. 4160.**

Court of Civil Appeals of Texas. El Paso.
Jan. 22, 1942.

Rehearing Denied Feb. 5, 1942.

E. M. Critz, of Coleman, for appellants.

L. M. Crump, of Coleman, for appellees.

Gerald C. Mann, Atty. Gen., and William J. Fanning and Ardell Williams, Asst. Attys. Gen., for amicus curiae.

WALTHALL, Justice.

This is an appeal from the 119th District Court of Coleman County.

E. C. Jameson, J. A. Williams, M. Forehand, and R. A. Cox, as plaintiffs, filed this suit against Geo. M. Smith, as County Clerk of Coleman County, and the County of Coleman to establish a claim in favor of each for the sum of $280, a total sum of $1,280, and for a writ of mandamus against the County Clerk to compel him to issue warrants against the road and bridge fund of their respective precincts as County Commissioners of Coleman County for the respective sums alleged to be due them. The trial was to the court without a jury, and judgment that they take nothing. On request the court filed his findings and conclusions. The parties will be described here as in the trial court.

The plaintiffs were all County Commissioners of Coleman County during the months of May to December, inclusive, 1940. For such months they sought to recover the sum of $35 per month, which they alleged to be due them under the provision of H. B. 193, Special Acts of the 46th Legislature, Vol. 2, c. 12, page 575, Vernon's Ann.Civ.St. art. 2350m note, and the order of the Commissioners' Court allowing such sum and directing the payment thereof.

The Act involved is a so-called "bracket law," containing five brackets. The Act provides that in counties within the brackets, "the Commissioners Court is hereby authorized to allow each Commissioner not more than the sum of Thirty-five Dollars ($35) per month to be paid out of the Road and Bridge Fund of each respective Commissioner's Precinct, for traveling expenses and depreciation on the automobile while used on official business only and/or in overseeing the construction and maintenance of the public roads of said counties. Each such Commissioner shall pay all expenses in the operation of such automobile and keep same in repair at his own expense, free of any other charge whatsoever to the county."

At the time the law went into effect in 1939, Coleman County was the only county in Texas within its provisions. At the present time under the 1940 Federal Census it is not within the provisions of the law and only Lee County is. There is no question presented on the pleadings and the pleadings are sufficient to bring the plaintiffs under the law.

Plaintiffs sought to recover on two theories: (1) That the Act, under the decisions of the courts prior to Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000, was a general law; and (2) that it is a special road law under the provisions

of Art. 8, Sec. 9, of the Constitution of the State of Texas, Vernon's Ann.St. As we understand it, the first proposition has been abandoned and the second now only is relied upon. The sole issue to be determined here is whether or not the law is a special road law within the meaning of the provision of the Constitution, Art. 8, Sec. 9, supra.

The testimony of the plaintiffs is that they all used their cars for "official business" aside from overseeing the construction and maintenance of the public roads of the county. Three of them for but little other than the road overseeing. One of them estimated he used his from one-third to one-half of the time on official business other than road business. None of them kept any account of any divided use. They all incurred expenses in excess of the amount allowed and sued for.

■ We think it clear the Legislature passed this law in the light of the decisions of the courts prior to the wholesome, timely and welcome decision by the Supreme Court in Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000, and without any intention of constituting the same a local road law for the maintenance of public roads and highways in Coleman County. Sufficient proof that it was not intended as the latter is the fact it was not specifically enacted as such. If it were the desire, purpose and intention of the Legislature to pass a special road law for Coleman County, it could have easily manifested it by passing it as such.

■ The Act itself sets out two distinct purposes, the first of which is to reimburse or compensate the commissioners for traveling expenses and depreciation of the automobile while used on official business. The second is to reimburse or compensate the commissioners for traveling expenses and depreciation of the automobile while used in overseeing the construction and maintenance of the public roads of the counties. Under the record here and the holding of the Supreme Court in Dallas County et al. v. Plowman, 99 Tex. 509, 91 S.W. 221, the terms of the Act fall within the definition of "the maintenance of the public roads and highways," as used in the Constitution. As we understand the construction of the constitutional provision, it is essential that a local road law, to come within the protection of the provision supra, must be limited to the maintenance of public roads and highways. Crow v. Tinner, Tex. Civ.App., 47 S.W.2d 391 affirmed, 124 Tex.

368, 78 S.W.2d 588. Clearly this Act is not so limited.

■ The facts that raise and present the issues in a case largely, if not wholly, control the decision of the case. For this reason it is ordinarily very difficult to find a case squarely in point. Thus Dallas County v. Plowman, supra, Crow v. Tinner, supra, Quinn v. Johnson, Tex.Civ.App., 91 S.W.2d 499, W.O.J., Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400, Austin Bros. v. Patton, Tex.Com.App., 288 S.W. 182, and Kitchens et al. v. Roberts, Tex.Civ.App., 24 S.W.2d 464, cited in the briefs in this case, are all distinguishable. In them we find propositions and statements that are very helpful in the construction of this Act. In Crow v. Tinner and Quinn v. Johnson, supra, it is very plain the laws there under consideration were local road laws which imposed by their terms new and added duties not imposed by general law. The Acts provided for reimbursement or compensation or the equivalent thereof for these new and added duties. We understand the decisions to rest upon that ground, and conclude, therefore, if the added compensation provided for merely supplements the compensation as provided by general law without by express terms of the Act imposing any added and new duties, the law merely undertakes to regulate county business contrary to the Constitution, Art. 3, Sec. 56, and is not a local road law for the maintenance of public roads and highways.

The conclusions reached here seem to be in harmony with what Chief Justice Phillips said in Altgelt v. Gutzeit, supra, and quoted by Judge Alexander in Crow v. Tinner [47 S.W.2d 393]: "No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials * * * where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads." Kitchens v. Roberts, supra, writ refused, is to the same effect.

■ This law is not limited to the maintenance of public roads, nor does it impose added and new duties not imposed by general law for which it undertook to provide additional compensation. For the reasons stated here we regard it as unconstitutional, and so hold.

The trial court rendered the proper judgment, and it is affirmed.