

# THE ATTORNEY GENERAL
## OF TEXAS

**GERALD C. MANN**          **AUSTIN 11, TEXAS**

ATTORNEY GENERAL


Hon. H. Pat Edwards
Civil District Attorney
Hall of Records, Dallas County
Dallas, Texas

Dear Sir:

> Opinion No. O-4827
> Re: Commissioners' Court of
> Dallas County is not
> authorized to expand
> county funds for payment
> of traveling expenses of
> county judge to attend
> National Civilian Defense
> Convention and related
> matters.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"The County Auditor has addressed to me a letter in which he advised and inquires:

"' I have a request for payment which was presented by the County Judge for traveling and other expenses incurred on a trip to California, at which time he attended a National Convention for the purpose of procuring information that will be helpful to Dallas County in the operation of our Civilian Defense work.

"'I will thank you for an opinion as to whether or not this will be a legal expenditure out of the County Judges and Commissioners' Budget.'

"In reliance upon the numerous opinions of your Department, and particularly upon your Opinions Nos. 810, 2117, 2474, 4483, and 4529, I have advised the County Auditor that such traveling expenses of the County Judge cannot legally be charged against Dallas County. The County Judge questions my opinion and contends that, inasmuch as the Commissioners' Court authorized him to make the trip and has approved and ordered his account paid, the

Auditor should issue a warrant for same. He further contends that statutory authority exists for the payment of any and all traveling expenses of the County Judge and members of the Commissioners' Court traveling on official business, towit, the following paragraph from Chapter 465, Acts of the 44th Legislature, Second Called Session, page 762, as amended by Acts of the 45th Legislature, 1937, First Called Session, page 1801, chapter 26, and which is incorporated as Article 3912s, Section L, of Vernon's Annotated Revised Civil Statutes of Texas:

"'Each district, county, and precinct officer receiving an annual salary as compensation shall be entitled, subject to the provisions of this Section, to issue warrants against the salary fund created for his office in payment of the services of deputies, assistants, clerks, stenographers, and investigators, for such amounts as said employees may be entitled to receive for services performed under their authorizations of employment. And such officer shall be entitled to file claims for and issue warrants in payment of all actual and necessary expenses incurred by him in the conduct of his office, such as stationery, stamps, telephone, traveling expenses, premiums on deputies' bonds, and other necessary expenses. If such expenses be incurred in connection with any particular case, such claim shall state such case. All such claims shall be subject to the audit of the county auditor; and if it appears that any item of such expense was not incurred by such officer, or such item was not a necessary expense of office, or such claim is incorrect or unlawful, such item shall be by such auditor rejected, in which case the correctness, legality, or necessity of such item may be adjudicated in any Court of competent jurisdiction. Provided, the Assessor and Collector of Taxes shall be authorized in like manner annually to incur and pay for insurance premiums in a reasonable sum for policies to carry insurance against loss of funds by fire, burglary, or theft ***,'

"and also the following provision, towit:

"The County Judge, County Auditor, and County Commissioners may be allowed necessary traveling expenses when traveling in connection with county business, such traveling expenses to be paid out of the General and/or Road and Bridge Fund of said County upon order of the Commissioners' Court.'

"taken from the so-called 'Dallas County Road Law', being Chapter 458 of the Acts of the 47th Legislature, 1941, page 729.

Hon. H.. Pat Edwards, Page 3 (O-4827)

"It is my conclusion that the above paragraph of
Article 3912e (L) does not apply to the County Judge and
County Commissioners of Dallas County; secondly, that if
the Dallas County Special Road Law is constitutional at
all, it is only constitutionally effective as to the
allowance of traveling expenses of the County Judge, County
Auditor and County Commissioners when they are traveling
in connection with the 'maintenance of public roads', and
would only authorize the County to pay such traveling expenses
in connection with the maintenance, laying out, opening, and
construction of public roads. As stated by the Supreme
Court in Austin Bros.v.Patton, 288 S.W.182, at page 188,
the Constitution authorizes the Legislature to confer upon a
county by special law or local law the power to do only those
things to which the taxes raised for the maintenance and
construction of public roads, may be lawfully applied. I,
therefore, conclude that the Special Dallas County Road Law
may be statutory authority for allowing the County Judge and
County Commissioners their traveling expenses when traveling
on official business connected with the maintenance of our
public roads, but not when traveling generally on county
business.

"Inasmuch as this matter has been the subject of
considerable discussion in Dallas County for some time, and
the County Auditor and County Commissioners' Court and this
Office cannot come to an agreement in regard to the traveling
expenses of our Commissioners' Court, including the County
Judge, I shall appreciate very much your opinion in answer
to the following questions:

"1. May the traveling expenses of the County Judge
of Dallas County, attending as County co-ordinator of Civil-
ian Defense of Dallas County, a meeting of the County
Judges of the United States held in Los Angeles, California,
'for the purpose of working out plans for the local defense
counsel and defense guard for securing gas masks and
equipment', be legally charged against Dallas County?

"2. Does the above quoted paragraph from the Acts
of 1937, 45th Legislature, First Called Session, page 1801,
chapter 26 (Article 3912e (L) Vernon's Annotated Revised
Civil Statutes of Texas), constitute statutory authority
for the payment of traveling expenses generally, of the
County Judge and County Commissioners when traveling on
official business of the County?

"3. Does the above quoted paragraph from the
Special Dallas County Road Law, being Chapter 458 of Acts
of the 47th Legislature, 1941, at page 479, constitute
statutory authority for the payment by Dallas County of

the necessary traveling expenses of the County Judge and County Commissioners (a) when traveling in connection with county business generally, and (b) when traveling in connection with the maintenance, laying out, opening, and construction of public roads?

"With the exception of the above quoted article and the above paragraph from the Special Road Law, I am unable to find any statutory authority for the payment of traveling expenses of the County Judge and Commissioners Court, and I shall, therefore, appreciate very much the assistance of your Department in this regard."

We quote from 11 Texas Jurisprudence, pages 563-4-5, as follows:

"Counties, being component parts of the state, have no power or duties except those which are clearly set forth and defined in the Constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from these statutes must come all the authority vested in the counties . . . . .

"Commissioners' courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties and that said powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the state."

An officer may not claim or reach any money without a law authorizing him to do so, and clearly affixing the amount to which he is entitled. (34 Tex. Jur., p. 511; Duclos Vs. Harris County, 298 S.W. 417; Binford Vs. Robinson, 244 S.W. 807.)

Opinion No. 0-810 of this department holds that expenses of attending officers' conventions are not necessary in the proper and legal conduct of county offices and that commissioners' courts have no authority to expend county funds for such purposes.

Opinion No. 0-2117 of this department holds that payment of the traveling expenses of members of a commissioners' court in attending a meeting of the State Highway Commission with reference to designation and letting of contracts on state highways is an illegal expenditure.

Opinion No. O-4529 of this department holds that the Commissioners' Court of Harris County, Texas, has no authority to expend any county funds for the aid or support of the Office of Civilian Defense.

Opinion No. O-4483 of this department holds that a county cannot legally pay the expenses of a county official or an individual which were incurred in attending civilian defense meetings and F.B.I. civilian defense schools.

We enclose herewith copies of opinions Nos. O-810, O-2117, O-4529, and O-4483 of this department.

The case of Jameson Vs. Smith, 161 S.W. (2nd) 520, Tex. Civ. App., writ refused, holds, among other things, that a local road law, within the constitutional provision permitting passage without notice, (Art. 8,39, State Constitution) must be limited to the maintenance of public roads and highways. This case held unconstitutional a so-called bracket law applying to Coleman County, Texas, providing for traveling expenses for the commissioners' court. We quote from the court's opinion as follows:

"The testimony of the plaintiffs (members of the commissioners' court of Coleman County, Texas) is that they all used their cars for 'official business' aside from overseeing the construction and maintenance of the public roads of the county. Three of them for but little other than road overseeing. One of them estimated he used his car from one third to one half of the time on official business other than road business. None of them kept any account of any divided use. They all incurred expenses in excess of the amount allowed and sued for.

" . . .

"The act itself sets out two distinct purposes, the first of which is to reimburse or compensate the commissioners for traveling expenses and depreciation of the automobile while used on official business. The second is to reimburse or compensate the commissioners for traveling expenses and depreciation of the automobile while used in overseeing the construction and maintenance of the public roads of the counties. . . . As we understand the construction of the constitutional provision, it is essential that a local road law, to come within the protection of the provision supra. (Art. 8, Section 9, Texas Constitution) must be limited to the maintenance of public roads and highways. Crow v. Tinner, Tex. Civ. App., 47 S.W. (2d) 391, affirmed, 124 Tex. 368, 78 S.W. (2d) 588. Clearly this Act is not so limited.

". . . In Crow v. Tinner and Quinn v. Johnson, supra, it is very plain the laws there under consideration were local road laws which imposed by their terms new and added duties not imposed by general law. The Acts provided for reimbursement or compensation or the equivalent thereof for these new and added duties. We understand the decisions to rest upon that ground, and conclude, therefore, if the added compensation provided for merely supplements the compensation as provided by general law without by express terms of the Act imposing any added and new duties, the law merely undertakes to regulate county business contrary to the Constitution, Art. 3, Sec. 56, and is not a local road law for the maintenance of public roads and highways.

"The conclusions reached here seem to be in harmony with what Chief Justice Phillips said in Altgelt v. Gutzeit, supra, and quoted by Judge Alexander in Crow v. Tinner (47 S.W. 2d 393): 'No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials * * * where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads.' Kitchens v. Roberts, supra, writ refused, is to the same effect.

"This law is not limited to the maintenance of public roads, nor does it impose added and new duties not imposed by general law for which it undertook to provide additional compensation. For the reasons stated here we regard it as unconstitutional, and so hold." (Underscoring and bracket insertions ours)

We also call your attention to the case of Kitchens et al. v. Roberts, 24 S.W. (2nd) 464, Tex. Civ. App., writ refused, where a so-called special road law for Wood County, Texas, providing compensation for the County Commissioners of Wood County as road supervisors and as county commissioners was held not to be a valid road law because it was not limited to road matters. The court held it unconstitutional as a local or special law attempting to regulate the affairs of a county where a general law could be made applicable.

The Dallas County Special Road Law referred to in your letter, Chapter 458, Acts of the 47th Legislature of Texas, 1941, page 729, apparently places new and added duties upon the Commissioners' Court of Dallas County with respect to the maintenance of the public roads of said county not imposed on them by general laws. If the provision of said

road law with reference to the traveling expenses of the commissioners' court quoted in your letter had been limited to traveling expenses of the commissioners' court with reference to the maintenance of the public roads of the county and payment limited to the Road and Bridge Fund of the county such provision would have been valid. But the provision under consideration here is clearly not so limited. Under the unequivocal assertions of the court in the case of Jameson v. Smith, supra, and authorities therein cited, it is our opinion that said provision of the Dallas County Road Law, quoted in your letter, allowing traveling expenses to the County Judge, County Auditor and County Commissioners for traveling expenses on official business generally, is not a road law, and is unconstitutional as a special or local law attempting to regulate the affairs of a county where a general law could be made applicable.

We answer your questions as follows:

1. Your first question is answered in the negative. The trip to California made by the County Judge as related in your letter was not on "official county business" and the County Judge could not be paid traveling expenses therefor under any statute. See opinions Numbers 0-4483 and 0-4529.

2. In answer to your second question it is our opinion that Article 3912e (1), V.A.C.S., authorizes the payment of the legitimate traveling expenses of the County Judge incurred on "official county business". In further answer to your second question it is our opinion that Article 3912e (1), V.A.C.S., does not authorize traveling expenses for the county commissioners. This article applies to the county officers who are compensated under the Officers' Salary Law and are paid from the Officers' Salary Fund. Apparently the salaries of the County Commissioners of Dallas County are paid from the Road and Bridge Fund of the County under Section 2 of the Dallas County Special Road Law. Article 3912e (1), V.A.C.S., clearly is not applicable to the County Commissioners of Dallas County, Texas.

3. Sections (a) and (b) of your third question are each answered in the negative.

We wish to express our appreciation for the excellent brief furnished us by you, which has been very helpful in this matter.

Hon. H. Pat Edwards, page 8

Very truly yours,

ATTORNEY GENERAL OF TEXAS


By /s/ Wm. J. Fanning
        Wm. J. Fanning
                Assistant

WJF:AMM-dhs

ENCLOSURES

APPROVED OCTOBER 1, 1942                    APPROVED
                                            OPINION
/s/ Gerald C. Mann                          COMMITTEE
                                            BY /s/ B.W.B.
ATTORNEY GENERAL OF TEXAS                      CHAIRMAN