

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**
~~XXXX XXXXXXXXXXXXX~~
ATTORNEY GENERAL

**AUSTIN 11, TEXAS**

Honorable Elmer H. Parish
District Attorney
Wichita Falls, Texas

(This Opinion Overrules Opinion
#O-3643, O-5265, O-5889 & O-6227
in so far as they conflict.

Dear Sir:

Opinion No. O-6958

Re: Constitutionality of Article 2326c,
V. A. C. S., fixing the salary of
court reporters. And related
questions.

Your letter of recent date requesting an opinion from this department is as follows:

"The question of what statute governs the compensation to be paid the Official Court Reporters of the District Courts of Wichita County has been raised and I am desirous of securing your opinion on the following specific questions:

"QUESTION NUMBER ONE: Is Article 2326c of the Revised Civil Statutes of Texas, which provides for salaries of reporters in judicial districts, with the exception of certain districts, constitutional?

"QUESTION NUMBER TWO: If Article 2326c is unconstitutional, does Article 2326b control in determining the salaries of the official reporters in Wichita County?

"QUESTION NUMBER THREE: If Article 2326c is unconstitutional and Article 2326b sets the salaries of the reporters of the district courts of Wichita County at $3,000 per annum, would the acceptance of a lesser salary by the reporters waive their right to collect the difference between the $2,700 paid and the $3,000 set by Article 2326b for the past two years?

"I am attaching hereto a short brief covering the three questions involved."

We are also in receipt of your excellent brief which was attached to the above quoted letter. Your discussion of the matters involved was of material assistance in our consideration of your opinion request.

Article 2326c, Vernon's Annotated Civil Statutes, is as follows:

"The official shorthand reporter of each Judicial District in this State and the official shorthand reporter of any County Court, either civil or criminal, in this State, where the compensation of such reporter of such County Court or Judicial District is not otherwise provided by special law, shall receive a salary of not more than Two Thousand Seven Hundred Dollars ($2,700.00) per annum, nor less than Two Thousand Four Hundred Dollars ($2,400.00) per annum, such salary to be fixed and determined by the District or County Judge respectively of the Court wherein such shorthand reporter is employed, in addition to the compensation for transcript fees as provided for by law. Said salary shall be paid monthly by the Commissioners Court of the county out of the General Fund of the county, or in the discretion of the Commissioners' Court, out of the jury fund of said county, upon the certificate of the Judge of such District or County Court. In districts of this State composed of two or more counties, said salary shall be paid monthly by the counties of the District in proportion to the number of weeks provided by law for holding Court in the respective counties in the District; provided, that in a District where in any county the term may continue until the business is disposed of, each county shall pay in proportion to the time Court is actually held in such county.

"The salary of the official shorthand reporter in each Judicial District in any county of this State with a population in excess of one hundred and fifty thousand (150,000) according to the last preceding Federal census and which alone constitutes two or more Judicial Districts, in addition to the compensation of transcript fees as provided by law, shall be Three Thousand Dollars ($3,000.00) per annum, to be paid as the salaries of other court reporters are paid.

"It is expressly provided, however, that the provisions of this Act shall not in any way apply to the official shorthand reporter in and for the 25th Judicial District, composed of the counties of Guadalupe, Gonzales, Colorado and Lavaca, nor shall this Act repeal Senate Bill 133, Regular Session, 43rd Legislature; nor shall the provisions of this Act apply in any way to the official shorthand reporters in and for any Judicial District Court of Bexar County, civil or criminal, nor shall this Act repeal Senate Bill No. 315,

Regular Session 43rd Legislature; nor shall the pro-
visions of this Act apply to any official shorthand re-
porter in and for the 22nd Judicial District of Texas
composed of the counties of Comal, Hays, Caldwell,
Fayette and Austin." (Underscoring ours)

Section 56, Article III of our State Constitution provides:

"The Legislature shall not, except as otherwise
provided in this Constitution, pass any local or special
law * * * regulating the affairs of counties, cities, towns,"
etc. "And in all other cases where a general law can
be made applicable no local or special law shall be en-
acted."

Since the salary of shorthand reporters is paid by the county,
acts fixing said salary are laws regulating the affairs of counties within
the meaning of Section 56 of Article III, supra.

In the case of Bexar County v. Tynan, et al, 97 S.W. (2d) 467,
(Commission of Appeals), the court in construing the above quoted consti-
tutional provisions stated the following:

"The Legislature may, upon a proper and reason-
able classification, enact a general law which at the time
of its enactment is applicable to only one county; provided
its application is not so inflexibly fixed as to prevent it
ever being applicable to other counties. . . .

"Notwithstanding it is true that the Legislature may
classify counties upon a basis of population for the purpose
of fixing compensation of county and precinct officers, yet
in doing so the classification must be based upon a real
distinction, and must not be arbitrary or a device to give
what is in substance a local or special law the form of a
general law. It is well recognized that in determining
whether a law is public, general, special or local the
courts will look to its substance and practical operations
rather than to its title, form and phraseology, because
otherwise prohibitions of the fundamental law against spe-
cial legislation would be nugatory. 25 R. C. L., 815, and
authorities cited. . .

"In the case of Clark v. Finley, 93 Tex. 171, 54 S.W.
343, this court recognized that substantial differences in
populations of counties could be made a basis of legisla-
tion fixing compensation of officers, on the theory, as the
court clearly recognized, that the work devolving upon an
officer was in some degree proportionate to the population

of the county. This has frequently been recognized by courts as creating a sufficient distinction to justify a larger compensation for county officers in counties having a large population as compared with compensation to like officers in counties having a small population. Conversely, we think it true that if the Legislature ignores the obvious fact that the work of county officers is proportionate to population and classifies counties in such way that the compensation of officers of a county having a large population is fixed far below the compensation allowed like officers in small counties, such action amounts to fixing a classification which is arbitrary and which has no true relevancy to the purpose of the legislation . . ." (Underscoring ours)

The Supreme Court used the following language in Miller et al v. El Paso Co., 150 S.W.(2d) 1000:

"Resort to population brackets for purpose of classifying subjects for legislation is permissible where spread of population is broad enough to include or segregate a substantial class and population bears some real relation to subject of legislation and affords fair basis for classification. . .

". . .It has been legitimately employed in fixing fees of offices in certain cases, but even then it is permissible only where the spread of population is substantial and is sufficient to include a real class with characteristics which reasonably distinguish it from others as applied to the contemplated legislation, and affords a fair basis for the classification." (Underscoring ours)

The Supreme Court also used the following language in the case of Anderson v. Wood, 152 S. W. (2d) 1084:

"It is very well settled that a statute excepting certain counties arbitrarily from its operation is a 'local or special' law within the meaning of the above constitutional provision. Hall v. Bell County, Tex. Civ. App., 138 S. W. 178, affirmed by the Supreme Court, Bell County v. Hall, 105 Tex. 558, 153 S. W. 121; Webb v. Adams, 180 Ark. 713, 23 S. W. (2d) 617; State ex rel. Johnson v. Chicago, B. & Q. R. Co., 195 Mo. 228, 93 S. W. 784, 113 Am. St. Rep. 661; 6 R. C. L. 129, 59 C. J. 736. This last proviso exempting counties with a population between 195,000 and 205,000 is a part of the original act, and is not an amendment thereto. Since it is void, the whole act must be declared void, because otherwise the court would have to apply the act to

all counties having a population in excess of 125,000, and
this would be giving the act a broader scope than was in-
tended by the Legislature. The rule applicable in such
cases is thus stated in Lewis' Sutherland, Statutory Con-
struction, 2d Ed. vol. 1, sec. 306, as follows: 'If, by
striking out a void exception, proviso, or other restric-
tive clause, the remainder, by reason of its generality,
will have a broader scope as to subject or territory, its
operation is not in accord with legislative intent, and the
whole would be affected and made void by the invalidity
of such part.' Substantially the same rule is announced
in Ruling Case Law, vol. 6, p. 129. The above rule was
followed by this court in Texas-Louisiana Power Co. v.
City of Farmersville, Tex. Civ. App., 67 S. W. (2d) 235,
238. See, also, James C. Davis, Director General, v.
George Wallace, 257 U. S. 478, 42 S. Ct. 164, 66 L. Ed.
325."

For additional authorities see the following:

Duclos et al v. Harris County, 263 S. W. 562;
Womack v. Carson, et al, 70 S. W. (2d) 416;
Jameson v. Smith, 161 S. W. (2d) 520;
City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S. W.
(2d) 470, 41 S. W. (2d) 228;
Supreme Lodge Benevolent Assn. v. Johnson, 98 Tex. 1, 81 S. W. 18;
Smith v. State, 49 S. W. (2d) 739;
Randolph v. State, 46 S. W. (2d) 484;
Fritter v. West, 65 S. W. (2d) 414, writ refused;
State v. Hall, 76 S. W. (2d) 880;
Wood v. Marfa Ind. School Dist., 123 S. W. (2d) 429;
39 Tex. Jur. p. 22.

"Statutes are to be read in the light of attendant conditions
and the state of the law existent at the time of their enactment." In re
Bergeron 220 Mass. 472, 107, N. E. 1007; 25 R. C. L. 957, Section 215.
The above quoted rule was followed in Railroad Commission v. Texas &
New Orleans R. R. Co. (Civil Appeals), 42 S. W. (2d) 1091, and Manry v.
Robison, 122 Tex. 213, 56 S. W. (2d) 438. In the case of McBride et al
vs. Clayton et al (Com. App.), 166 S. W. (2d) 125, the court quoted the fol-
lowing rule from 59 Corpus Juris p. 1038 with approval:

"All statutes are presumed to be enacted by the leg-
islature with full knowledge of the existing condition of
the law and with reference to it. They are therefore to be
construed in connection and in harmony with the existing
law and as a part of a general and uniform system of juris-
prudence, and their meaning and effect is to be determined

in connection not only with the common law and the
constitution, but also with reference to other statutes
and the decisions of the courts." (Underscoring ours)

At the time of the enactment of Article 2326c, supra, the
shorthand reporters in the Judicial District Courts of Bexar County
could receive a compensation of not less than $2400.00 nor more than
$3000.00 per annum. See Acts 1933, 43rd Legislature, Special Laws,
p. 106, ch. 81. It will be noted that Article 2326c, supra, allows short-
hand reporters of each Judicial District in counties containing less
population (Tarrant County) and shorthand reporters in each Judicial
District in counties containing a greater population (Dallas and Harris)
to receive a compensation of $3000.00. Furthermore, the shorthand
reporters of the 25th Judicial District could receive a compensation
of not less than $2000.00 nor more than $2700.00 at the time of the
enactment of Art. 2326c. See Acts 1933, 43rd Legislature, Special
Laws, p. 79, ch. 63. Art. 2326c allows shorthand reporters in each
Judicial District falling within the same classification as the 25th Ju-
dicial District to receive a compensation of not less than $2400.00
nor more than $2700.00. Applying the principles of statutory construc-
tion and constitutional law laid down in the above quoted cases to Art.
2326c, it is our opinion that the Legislature by enacting S. B. No. 315,
Acts 1933, 43rd Legislature, Special Laws, p. 106, ch. 81 and S. B. No.
133, Acts 1933, 43rd Legislature, Special Laws, p. 79, ch. 63, and by
putting the exception provisions referred to above in Art. 2326c fixed
classifications which were arbitrary and which had no true relevancy
to the purpose of the legislation. Therefore, in answer to your first
question, it is our opinion that Art. 2326c, supra, is unconstitutional
and void.

Due to our holding herein we deem it unnecessary to deter-
mine the constitutionality of the other exceptions contained in Art. 2326c.

Art. 2326b, V. A. C. S., is as follows:

"The salary of the official shorthand reporter in
each Judicial District in any county of this State which
alone constitutes two or more Judicial Districts, in ad-
dition to the compensation for transcript fees as pro-
vided by law shall be $3,000.00 per annum, to be paid
as the salary of other court reporters are paid, out of
the general fund of the county."

Art. 2326b, supra, was enacted by the 41st Legislature, and
Art. 2326c was enacted by the 43rd Legislature.

"An unconstitutional statute can have no effect to repeal
former laws, or parts of law by implication since, being void, it is not

inconsistent with such former laws." Sutherland's Statutory Construction (2d Ed.) Vol. 1, p. 458, Section 254. See also Galveston & W. Ry. Co. v. Galveston, 96 Tex. 520, 74 S. W. 537; Culberson v. Ashford, 118 Tex. 491, 18 S. W. (2d) 585, 39 Tex. Jur., p. 128, Section 65.

Therefore, since Art. 2326c is unconstitutional, it is our opinion that said article could not and did not operate as a repeal of Art. 2326b, V. A. C. S.

It will be noted that Art. 2326b, supra, applies to those counties which alone constitute two or more Judicial Districts.

The authorities hereinabove cited hold that the test as to whether or not a particular classification contravenes Section 56 of Article III of our State Constitution is whether or not the classification is based upon a real distinction, and is a classification with characteristics which reasonably distinguish it from others as applied to the contemplated legislation, and afford a fair basis for the classification. In the case of Clark v. Finley, supra, the Supreme Court recognized that substantial differences in populations of counties could be made a basis of legislation fixing salaries on the theory that the work devolving upon an officer was in some degree proportionate to the population. It is our opinion that the Legislature in fixing the classification in Article 2326b recognized that the work devolving upon the shorthand reporters in each Judicial District in any county of this State which alone constitutes two or more Judicial Districts was proportionately greater than like officers in counties which alone do not constitute two or more Judicial Districts. Therefore, the classification made by Article 2326b, supra, is based upon a real distinction and has characteristics which reasonably distinguish it from others and affords a fair basis for the classification. Therefore, it is our opinion that Article 2326b is constitutional and is now in full force and effect.

Wichita County "alone constitutes two or more Judicial Districts" (three), viz: the 30th, 78th and 89th. Therefore, the salaries of the court reporters in the district courts of Wichita County are controlled by Art. 2326b, supra.

In the case of Greer v. Hunt County, (Com. of Appeals), 249 S. W. 831, the Court stated the following on page 833:

> "The county officials clearly could not waive the county's right to assert the invalidity of the order by paying from the county funds the salary therein provided, should that amount exceed the lawful commissions of the treasurer. The latter, in accepting such amount, if in excess of his lawful fees, could not receive any benefit under the void order. He would still be bound to reimburse the county for any excess over his lawful fees,

and could not defeat their recovery. Under these circum-
stances the acceptance of less than he was entitled to
ought not as a matter of law to preclude him from after-
wards demanding the balance to which he was legally en-
titled, for the relinquishment of which the county paid,
and he received no consideration whatever. The county
owed him absolutely a fixed and definite amount, to which
there was no defense, and concerning which there was no
legal controversy. We think the principle of law applies
here that a debt fixed in amount and absolutely payable
cannot be discharged by payment by the debtor and accep-
tance by the creditor of a less amount, and that the pay-
ment and acceptance of a less amount furnishes no con-
sideration whatever for the relinquishment of the balance
owing. * * *" (Underscoring ours)

It was also held in the case of Nacogdoches County v. Winder, 140 S. W. (2d) 972, error refused:

"* * * The legislature having prescribed the mini-
mum amount of salary (the official earnings in 1935) and
that being shown to have been $3,286.16, the commissioners'
court did not have the authority to ignore this statutory pro-
vision of minimum salary and fix the salary at $3,000. The
provisions of the statute authorizing the commissioners'
court to fix the salary at any sum not less than a certain
minimum, and not more than a certain maximum, are man-
datory, and could not be ignored by the members of the
court at their discretion. The order fixing appellee's sal-
ary at $3,000 was without authority, and so void."

See also Nacogdoches County v. Jenkins, 140 S. W. (2d) 901, error refused, and Stephens County v. Hayes, 284 S. W. 225.

Article 2326b, supra, fixed the salaries of the court report-
ers at $3,000.00. In view of the foregoing authorities, it is the opinion
of this department that the court reporters of the district courts of
Wichita County did not waive their right to collect the difference between
$2,700.00 paid and $3,000.00 set by Article 2326b, and they are now en-
titled to receive the difference as unpaid salary.

Heretofore, this department has not been called upon to pass
upon the constitutionality of Article 2326c, although certain opinions have
been written concerning the interpretation of certain provisions of said
article. In view of our holding herein, we hereby overrule our Opinions
Nos. O-6227, O-5889, O-5265 and O-3643 insofar as the holdings therein

conflict with the holding of this opinion.

                              Yours very truly,

                    ATTORNEY GENERAL OF TEXAS


              By   /s/ J. C Davis, Jr.
                   J. C. Davis, Jr.
                              Assistant


              By   /s/ John Reeves
                   John Reeves

JR:LJ

APPROVED DEC. 5, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL