

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

March 26, 1962

Honorable Guy E. Jones
County Attorney
Bowie County
Old Federal Building
Texarkana, Texas

Dear Mr. Jones:

Opinion No. WW-1282

Re: Constitutionality of House
Bill 912, Acts of the 57th
Legislature, Regular Ses-
sion 1961, chapter 516, page
1138, codified in Vernon's
as Article 3936f-1, V.C.S.

You have requested our opinion on the constitutionality
of House Bill 912, Acts of the 57th Legislature, Regular Session
1961, chapter 516, page 1138, codified in Vernon's as Article
3936f-1, V.C.S., which reads as follows:

"An Act raising the maximum fees that may be re-
tained by justices of the peace in counties
of more than fifty-nine thousand (59,000)
and not more than sixty thousand (60,000)
persons according to the last preceding Fed-
eral Census; repealing all laws in conflict;
and declaring an emergency.

"Be it enacted by the Legislature of the State of
Texas:

"Section 1. In all counties of this State
having a population of more than fifty-nine thou-
sand (59,000) and not more than sixty thousand
(60,000) persons according to the last preceding
Federal Census, justices of the peace shall re-
ceive maximum fees of Four Thousand, Nine Hundred
Dollars($4,900) each per year.

"Sec. 2. The Commissioners Court is hereby
authorized and it shall be their duty to see that
all justices of the peace can collect and keep on
a fee basis, Four Thousand, Nine Hundred Dollars
($4,900) per year, other fees exceeding this
amount to be turned over to the county to be cred-
ited to the Road and Bridge Fund of that county.

"Sec. 3. All laws or parts of laws in con-
flict with the provisions of this Act are repealed
to the extent of such conflict only.

"Sec. 4. The fact that justices of the peace in these counties are not properly compensated creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and this Rule is hereby suspended, and that this Act take effect and be in force from and after its passage, and it is so enacted."

Section 56 of Article III of the Constitution of Texas provides in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law . . .

"Regulating the affairs of counties . . .

"Creating offices or prescribing powers and duties of officers, in counties, . . ."

The Court, in Jameson v. Smith, 161 S.W.2d 520 (Civ.App. 1942, error ref. w.o.m.), held that a local law authorizing additional compensation for county commissioners was in violation of Section 56 of Article III of the Constitution of Texas. The courts of this State have consistently held that a classification as is contained in House Bill 912 above quoted would violate the provisions of Section 56 of Article III, Clark v. Finley, 93 Tex. 171, 54 S.W. 343 (1899); Oakley v. Kent, 181 S.W.2d 919 (Civ.App. 1944); Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); and Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936). In the latter case, the Court stated at 97 S.W.2d 470:

"Notwithstanding it is true that the Legislature may classify counties upon a basis of population for the purpose of fixing compensation of county and precinct officers, yet in doing so the classification must be based upon a real distinction, and must not be arbitrary or a device to give what is in substance a local or special law the form of a general law. . . .

"'The rule is that a classification cannot be adopted arbitrarily upon a ground which has no foundation in difference of situation or circumstances of the municipalities placed in the different classes. There must be some reasonable relation between the situation of municipalities classified and the purposes and objects to be attained. There must be something . . . which in some reasonable degree accounts for the division into classes.'

". . .

"In the case of Clark v. Finley, 93 Tex. 171, 54 S.W. 343, this court recognized that substantial differences in populations of counties could be made a basis of legislation fixing compensation of officers, on the theory, as the court clearly recognized, that the work devolving upon an officer was in some degree proportionate to the population of the county. This has frequently been recognized by courts as creating a sufficient distinction to justify a larger compensation for county officers in counties having a large population as compared with compensation to like officers in counties having a small population. Conversely, we think it true that if the legislature ignores the obvious fact that the work of county officers is proportionate to population and classifies counties in such a way that the compensation of officers of a county having a large population is fixed far below the compensation allowed like officers in small counties, such action amounts to fixing a classification which is arbitrary and which has no true relevancy to the purpose of the legislation." (Emphasis added.)

The classification of "in all counties of this State having a population of more than fifty-nine thousand (59,000) and not more than sixty thousand (60,000) persons according to the last preceding Federal Census" is applicable only to Bowie County at the present time. Such classification, according to the authorities cited above, constitutes a local or special law in violation of the provisions of Section 56 of Article III of the Constitution of Texas.

You are therefore advised that House Bill 912, Acts of the 57th Legislature, Regular Session 1961, chapter 516, page 1138, is, in our opinion, unconstitutional. In view of our answer to this question, it is unnecessary to answer your remaining questions.

### SUMMARY

House Bill 912, Acts of the 57th Legislature, Regular Session 1961, chapter 516, page 1138, raising the maximum fees that may be retained by justices of the peace in counties of more than 59,000 and not more than 60,000 persons is applicable only

Hon. Guy E. Jones, page 4  (WW-1282)

to Bowie County and constitutes a local or special
law in violation of Section 56 of Article III of
the Constitution of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:ms:wb

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Irwin R. Salmanson
Iola Wilcox
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Houghton Brownlee, Jr.