### GEORGE C. ALTGELT v. CHARLES X. GUTZEIT ET AL.

No. 2890. Decided March 13, 1918.

**1.—Constitution—Counties—Local and Special Laws.**

The Legislature is forbidden to pass any local or special law regulating the affairs of counties (Const., art. 3, sec. 56). It can not, therefore, as incident to a local law for maintaining public roads in a county, alter and fix the compensation of County Commissioners, by providing an annual salary in lieu of the fees and compensation fixed for their services by the general laws of the State. (Pp. 124, 125.)

**2.—Same—Case Stated.**

The special Act of the 33d Legislature, Laws of 1913, chap. 177, p. 296, making provision for a road system for Bexar County, enacted that each County Commissioner should receive an annual salary of $2400, in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law, and suspended articles 3870 and 6901 of the Revised Statutes, by which they were to be paid three dollars per day for each day, within certain limits, they are engaged in holding a term of the Commissioners Court and for each day, not exceeding ten days in one month, for their services as supervisors of public roads. Held that the Act in question was

unconstitutional as being an attempt to regulate the affairs of the county by local law. (Pp. 124, 125.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Altgelt obtained writ of error on the affirmance, on his appeal, of a judgment for defendants in a suit brought by him in the District Court.

*E. P. Lipscomb* and *Geo. C. Altgelt,* for plaintiff in error.—That part of section 5 of the special Act of the Legislature approved March 24, 1913, which fixes an annual salary for each commissioner of Bexar County of $2400 in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by the general law is in contravention of section 56, article III, of the Constitution of Texas, which forbids the enactment of local or special laws regulating the affairs of counties. Special Laws of the 33rd Legislature, Regular Session, 1913, p. 296 et seq.; Constitution of Texas, art. 3, sec. 56; Hall v. Bell County, 138 S. W., 178; Bell County v. Hall, 105 Texas, 558, 153 S. W., 121; Cooley, Const. Lim., 558 (482); opinion of the Attorney General of Texas, No. 1312, holding that while the Legislature of Texas could frame the Bexar County Board law in question it could not exempt Bexar County officers from the fee bill and that portion of the Act which fixed the salary of the county judge at $2500 was unconstitutional; Clark v. Finley, 93 Texas, 171.

*Boyle & Story,* for defendants in error, cited: City of Dallas v. Western Elec. Co., 83 Texas, 243; Smith v. Grayson County, 18 Texas Civ. App., 153; Dallas County v. Plowman, 99 Texas, 509; Ex parte Cooks, 135 S. W., 139.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

This suit involves the validity of section 5 of the special Act of the Thirty-third Legislature making provision for a road system for Bexar County. Chapter 177, Regular Session, Local and Special Laws.

The section reads:

"Each precinct county commissioner shall inspect and supervise from time to time all roads in his precinct, and shall do and perform any and all acts required of him by the Commissioners Court, and all other duties required of him by law as county commissioner, and shall receive for his services an annual salary of twenty-four hundred dollars ($2400) per annum, to be paid out of the general fund of the road and bridge fund, or any other available fund or the special road and bridge fund, in monthly installments, and shall be in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law."

The question is whether this amounts to a law "regulating the affairs" of the county and hence within the inhibition of section 56 of article 3

of the Constitution which declares that, except as otherwise therein provided, the Legislature shall not pass any local or special law regulating the affairs of counties, cities, towns, etc., and, further, that no local or special law shall be enacted where a general law can be made applicable, or is to be held as properly incident to a law for the maintenance of the public roads, such as the Legislature, under amended section 9 of article 8, may adopt as a local law without the previous constitutional notice.

We regard the section as a plain attempt to fix the compensation of the commissioners for all services required of them by law. The amounts payable to county commissioners in return for the discharge of their general duties are fixed by general laws, as they should be. It is provided by article 3870 that they shall each receive three dollars for each day they are engaged in holding a term of the Commissioners Court; but shall receive no pay for holding more than one special term of the court per month. By article 6901 as amended by the Acts of 1913, they are constituted supervisors of the public roads of their counties, and their compensation for services as such is fixed at three dollars per day for the time actually employed in those duties, limited to not more than ten days in one month. By section 5 of this special Act these general laws are declared as superseded. It says that the annual salary of $2400 for each commissioner of Bexar County there provided shall be "in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law." This simply means that for their general services their compensation shall be no longer as limited by the general law, but shall be as fixed by this law. The salary thus provided for, in other words, was intended to cover, not merely their services having to do with the public roads as required by the Act, but all services required of them by law. Just what relation a local law making provision for a county road system can properly have to the subject of the general compensation of county commissioners, it is difficult to perceive. No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads. We are not called upon to determine that question here. But under the guise of such a law it has no authority to legislate upon the subject of their general compensation or to alter the general laws governing it. We think that is what this Act plainly attempted to do. We therefore hold the section in question to be unconstitutional.

As indicating the broad scope of this Act and throwing light upon the purpose of section 5, though essentially a local law and denominated as an Act making provision for a road system for Bexar County, it attempts, in another section, to fix the ex-officio compensation of the county judge at not less than $2500.

The judgments of the Court of Civil Appeals and the District Court are reversed and the cause remanded to the District Court.

*Reversed and remanded.*