## DUCLOS et al. v. HARRIS COUNTY. *
### (No. 8066.)

(Court of Civil Appeals of Texas. Galveston. Oct. 24, 1921. Rehearing Denied April 28, 1923.)

Statutes ⊙═76(4), 94(1)—Law adding to compensation of district court clerk in Harris county held invalid, as local or special law relating to county affairs, or as to which general law applicable.

Laws 1st Called Sess. 1915, c. 19 (Vernon's Ann. Civ. St. Supp. 1918, art. 30, subds. 23, 80), so far as it provides in section 5 for compensation of the district court clerk in Harris county, for services as clerk of the new or Eightieth judicial district, additional to the compensation provided for by the existing general laws (Rev. St. §§ 3883, 3889, 3891), which apply to the district clerk of that county, whose office is a constitutional one, limited by Const. art. 5, § 9, to one clerk in each county, was wholly unnecessary to the organization of that district, and whether notice thereof was given

or not, as required by section 57 of article 3, it is invalid as a local or special law, contrary to section 56 of article 3, prohibiting passage of such laws regulating affairs of counties, etc., or where a general law can be made applicable.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Suit by Harris County against O. M. Duclos and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Fulbright & Crooker, of Houston, for appellants.

Louis, Campbell & Nicholson, of Houston, for appellee.

GRAVES, J.  In 1915 by a statute appearing as chapter 19, Acts of the First Called Session of the Thirty-Fourth Legislature (Vernon's Ann. Civ. St. Supp. 1918, art. 30, subds. 23, 80), the Twenty-Third judicial district of Texas was reorganized, and the Eightieth judicial district created. Section 5 of that act is as follows:

"Sec. 5. That the clerk of the district court of Harris county, as that office is now constituted, and his successor in office, shall be the clerk of the district court of the Eightieth judicial district of Texas in Harris county, and shall perform all the duties pertaining to the clerkship of said court, as well as the duties imposed upon him as the clerk of other district courts of Harris county, and for such additional service, shall receive twelve hundred dollars per year, as additional compensation to be collected out of the fees allowed by law."

The cause now at bar involves the validity of only so much of the concluding provisions of this quoted section as recites that the clerk of the district court of Harris county for his services as clerk of the new or Eightieth district court in that county, "shall receive twelve hundred dollars per year, as additional compensation to be collected out of the fees allowed by law."

Appellant was the district clerk of Harris county, and' as such, for the period covered by this suit, in addition to the maximum amount allowed him under the general fee bill, had collected and retained the sum of $223.37, which he claimed the right to withhold under the quoted provision of the act creating the Eightieth district court. At the suit of Harris county to recover this excess, the trial court gave it judgment, and the clerk and his official bondsmen appeal.

We think the court below did not err, and affirm the judgment. The sole question presented by the appeal, it seems to us, has been foreclosed in at least two prior cases carrying the sanction of our Supreme Court. Altgelt v. Gutzeit (Tex. Civ. App.) 187 S. W. 222, and 109 Tex. 123, 201 S. W. 400, and Ward v. Harris county (Tex. Civ. App.) 209 S. W. 794. The first of these was by the Supreme Court, and the second by this court, with writ of error denied.

This act is a plain attempt to give the district clerk of Harris county $1,200 more per year than is allowed any other district clerk in the state, and to that extent clearly transcends the authority of the Legislature. The office of district clerk is not only a constitutional one, but there may be only one in each county. Section 9, article 5, Constitution of Texas. Therefore appellant Duclos would have been the clerk in Harris county of the Eightieth district court, and as such entitled under the general fee bill to any fees earned by him for services rendered in that court, even had the quoted act made no provision to that effect. In these circumstances it was wholly unnecessary, in organizing the Eightieth judicial district, to enter upon the subject of the general compensation of the district clerk for one of the counties composing it, or to attempt to alter the then existing general laws of the state governing it. Consequently such provision was mere surplusage. The argument that this part of the act was a general law because it affected the judicial organization of the state, and operated upon a subject in which the people at large were interested therefore necessarily falls.

The portion of the quoted section here involved, undertaking as it does to fix the amount of fees or compensation which may be retained by the district clerk of Harris county, in addition to that allowed him under the general fee bill, applies only to that particular officer and county, and is therefore a local and special law; that it likewise constitutes a regulation of the affairs of Harris county, within the meaning of section 56 of article 3, is the express holding in both the Altgelt and Ward Cases, supra. This court in the Ward Case said:

"It seems clear to us that the fixing of the compensation to be paid a county judge by a particular county is a regulation of the affairs of the county within the purview of this article of the Constitution. This identical question has been passed upon by our Supreme Court. After the enactment of the special road law for Harris county, the enactment of a similar road law was procured for Bexar county, which attempted to fix the ex officio compensation of the county judge at not less than $2,500, and of the county commissioners at $2,400 per annum. The question of the constitutionality of said act in this respect was raised, and the court, speaking through Chief Justice Phillips, in reference thereto, said: 'Just what relation a local lawmaking provision for a county road system can properly have to the subject of the general compensation of county commissioners it is difficult to perceive. No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads. We are not called upon to determine that question here. But under the

guise of such a law it has no authority to legislate upon the subject of their general compensation or to alter the general laws governing. * * *, As indicating the broad scope of this act and throwing light upon the purpose of section 5, though essentially a local law, and denominated as an act making provision for a road system for Bexar county, it attempts in another section to fix the ex officio salary of the county judge at not less than $2,500.' Altgelt v. Gutzeit (Sup.) 201 S. W. 400."

As before stated, we think these declarations of the law settle the question, and that so much of this act as attempted to award the $1,200 additional compensation must be held unconstitutional and void. That a general law could be made applicable to the matter of compensating the district clerk of Harris county is best demonstrated by citation of the fact that one existed at the time this special attempt to add to that compensation was made. By article 3883, R. S. of 1911, the maximum amount of fees the district clerk of Harris county might retain was fixed at $2,750, while by article 3889, applying to all counties with a population in excess of 38,000, it was further provided that district clerks, among other enumerated officers, might also retain one-fourth of the excess fees collected by them until such one-fourth amounted to the sum of $1,500. So that, under these provisions of the general laws of the state then prevailing, the district clerk of Harris county was limited to a total compensation of $4,250 per annum. Furthermore, by Rev. St. art. 3891, the Legislature made clear its purpose not to permit the district clerks in those counties having more than one district court to retain their maximum of fees for services performed in each of such courts by this enactment:

"In all counties in this state having more than one judicial district, the district clerks thereof shall in no case be allowed fees in excess of the maximum fees allowed clerks in counties having only one district court."

Further discussion is deemed unnecessary, since the holding made disposes of the merits of the appeal. As to the amount recovered, we think the evidence was sufficient to show that appellant Duclos had retained out of the fees collected by him for the period covered by this suit $223.37 in excess of the maximum amount allowed him under the general fee bill, and was asserting his right to also retain that excess pursuant to section 5 of the act of 1915, hereinbefore copied.

All assignments of error have been overruled, and the trial court's judgment affirmed.

Affirmed.

### On Motion for Rehearing and to Certify.

In their motions for rehearing and for a certification to the Supreme Court of what they deem the controlling questions in this cause, appellants earnestly ask this court to give an expression of its view upon a particular proposition they raise; that is:

"The trial court erred in rendering judgment for plaintiff on the theory that the act of the Legislature is local and special, and therefore unconstitutional, for the reason that, even though such act be local or special, it will be conclusively presumed, in the absence of pleadings and proof to the contrary, that the notice of its passage required by our Constitution was given, and that the act is therefore valid."

In substantiation, it is then pointed out that:

"The pleadings nowhere mention or suggest that the notice of intention to apply in this instance for the passage of a special or local law was not published as required by article 3, section 57, of our state Constitution, and neither is the matter mentioned or suggested in any manner by the evidence as shown by the statement of facts."

We do not regard the question suggested as being involved here, for this reason:

Our Constitution (article 3, § 56) declares that—except as otherwise therein provided—the Legislature shall not pass any local or special law regulating the affairs of counties, cities, towns, etc., and, further, that no local or special law shall be enacted where a general law can be made applicable. We adhere to our former conclusions, both that the act here involved is a local and special law regulating the affairs of Harris county, and that a general law could have been made applicable to the subject matter, from which it follows that, under the provisions of article 3, § 56, referred to, the Legislature was without authority to enact this measure with or without the notice prescribed by succeeding section 57 of the same article. The fact that no notice was given was accordingly immaterial, and the rule of presumption of regularity appellants urge in this connection has no application.

We still think the two cases cited in our original opinion so directly determine the questions raised adversely to appellants' contention that we are left with no substantial doubt as to the correctness of our former judgment.

The motions for rehearing and to certify have been refused.