# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS
GERALD C. MANN
ATTORNEY GENERAL

Hon. Don D. Parker
County Auditor
Eastland County
Eastland, Texas

Dear Sir:

Opinion No. O-1955
Re: Does the commissioners' court of
Eastland County have the authori
under House Bill 236 of the 46th
Legislature of Texas to allow ei
commissioner the maximum of $35.
per month for expenses without
filing of an expense account ead
month?

Your request for opinion upon the above question
has been received and considered by this department.

Article 2350m, Revised Civil Statutes of Texas,
pertaining to counties of 34,000 to 34,200 inhabitants
and House Bill 236 of the 46th Legislature of Texas reads
as follows:

"County Commissioners-Traveling Expenses

"H.B. No. 236

"An Act authorizing the commissioners court
in each county in this State having a population
of not less than thirty-four thousand (34,000)
nor more than thirty-four thousand, two hundred
(34,200), according to the last preceding Feder-
al Census, to allow each County Commissioner cer-
tain expenses for traveling and in connection
with the use of his automobile on official busi-
ness only and/or in overseeing the construction
work on public roads of the County; requiring
each such Commissioner to pay the expense of oper-
ation and repair of such vehicle so used by him
without any further expense whatsoever to the
county; and declaring an emergency.

"Be it enacted by the Legislature of the
State of Texas:

"Section 1. In any county in this State
containing a population of not less than
thirty-four thousand (34,000) nor more than
thirty-four thousand, two hundred (34,200),
according to the last preceding Federal Census,

the Commissioners Court is hereby authorized to allow each Commissioner not to exceed the sum of Thirty-five Dollars ($35) per month to be paid out of the Road and Bridge Fund of each such Commissioner's Precinct for traveling expenses and depreciation on the automobile while used on official business only and/or in overseeing theconstruction andmaintenance of the public roads of said counties. Each such Commissioner shall pay all expenses in the operation of such automobile and keep same in repair at his own expense, free of any other charge whatsoever to the county.

"Section 2. The Fact that in the counties affected by this Act there is great need that the counties participate in defraying the expense of such Commissioners because the great amount of road work now going on increases the necessity of such Commissioners traveling from place to place overseeing the construction and maintenance of such roads creates an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days in each House be suspended, and the same is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted.

"Filed without Governor's signature April 20, 1939.

"Effective April 20, 1939."

Eastland County, Texas, according to the last preceding Federal Census of 1930, has thirty-four thousand, one hundred and fifty-six (34,156) inhabitants. Eastland County, Texas, is the only county in Texas coming within the population brackets set out in House Bill 236 of the 46th Legislature of Texas, above quoted.

At the very outset of this opinion, we are confronted with the question of the constitutionality of the above quoted act. The question arises as to whether or not this act is a local or special law regulating the affairs of counties in violation of Article 3, Section 56 of the Constitution of Texas.

A reading of the act will disclose that it is not a special road law of the county. The purpose of the act is to authorize the commissioners' court to allow not to exceed $35.00 per month to each commissioner for traveling expenses and depreciation on automobile while used on official business only and/or in overseeing the

construction and maintenance of the public roads of said counties.

The case of Altgelt vs. Gutzeit, 201 SW 400, holds that Bexar County Road Law, providing for annual salary for commissioners of county for acting in all capacities, was unconstitutional, as an attempted regulation of county affairs by local and special law.

The case of Smith vs. State, 49 SW (2nd 739, holds that the constitutional prohibition against special laws cannot be evaded by making a law applicable to a pretended class and that a statute classigying municipalities by population is "special" if population does not afford a fair basis for classification but the statute merely designates single municipality under guise of classification by population.

Under the above cases and under the following authorities:

Wood vs. Marfa Independent School District, 123 SW (2nd) 429;
Brownfield vs. Tongate, 109 SW (2nd 352;
City of Fort Worth vs. Bobbitt, 36 SW (2nd) 470;
Fritter vs. West, 65 SW (2nd) 414;
Austin Brothers vs. Patton, 288 SW 182;

and under the authorities cited in opinions Nos. O-18, O-364, O-462 and O-899 of this department it is the opinion of this department that House Bill No. 236 of the 46th Legislature of Texas, quoted above, is clearly unconstitutional and violates Section 56 of Article 3 of the Constitution of Texas.

We enclose herewith a copy of opinion No. O-899 of this department which holds a similar act unconstitutional.

You are, therefore, respectfully advised that it is the opinion of this department that House Bill 236 of the 46th Legislature of Texas is unconstitutional. You are further advised that it is the opinion of this department that the commissioners' court would not have authority to pay the commissioners any sums of money as traveling expenses under this unconstitutional law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Wm. J. Fanning
Assistant

WJF:AW:jrb

APPROVED FEB. 23, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY BWB, Chairman