OFFICE OF THE ATTORNEY GENERAL OF TEXAS

AUSTIN

Gerald C. Mann
Attorney General

Honorable C. H. Gilmer, Chairman
Committee on Judiciary and Uniform State Laws
House of Representatives
Austin, Texas

Dear Sir:      Opinion No. O-3339
         Re: Constitutionality of Senate
           Bill No. 184 fixing compensa-
           tion of court reporters of
           Bexar County, Texas.

    This is in reply to your letter of March 26, 1941,
requesting the opinion of this department on the following
questions:

    "1. Does the bill violate Section 56
of Article 3 of the Texas Constitution?

    "2. Does the bill violate any provi-
sion of the Texas Constitution in author-
izing the salaries of the court reporters
of Bexar County to be paid out of the Jury
Fund of said county?"

    Senate Bill No. 184 provides for the appointment
and fixes the compensation of court reporters in each District
Court, Criminal District Court, and County Court at Law of
Bexar County, Texas.  This compensation is to be paid monthly
by the commissioners' court out of the general fund or the
jury fund of Bexar County as the commissioners' court may
elect. It is admittedly a local law applying only to Bexar
County, Texas. The notice prerequisite to the passage of a
local law required by the Constitution of Texas and Article
2 of Title 1 of the Revised Civil Statutes has been given.
Our inquiry is directed to its constitutionality.

    Section 56 of Article 3 of the Constitution of
Texas reads, in part, as follows:

    "The Legislature shall not, except as
otherwise provided in this Constitution, pass
any local or special law, authorizing:

    " * * * *

"Regulating the affairs of counties,
* * *;

"And i n all other cases where a general
law can be made applicable, no local or special
law shall be enacted; * * *."

We have been unable to discover that the Constitution
has "otherwise provided" for the passage of local or special
laws relating to the compensation of court reporters. We must
look to Section 56 of Article 3. If Senate Bill No. 184 is a
local or special law prohibited by that section of the Consti-
tution, it mattersnot that the constitutional notice prerequi-
site to the passage of an underlined authorized local or special law has
been given.

We are of the opinion that Senate Bill No. 184 is in
the very teeth of and consequently prohibited by Section 56 of
Article 3 of the Constitution of Texas. Undoubtedly Senate
Bill No. 184 regulates the affairs of counties. Moreover, we
find that the Legislature has already by general law dealt
with the appointment, compensation and duties of court report-
ers. Articles 2321-2327b-1, inclusive, Vernon's Annotated
Civil Statutes. The subject is therefore one about which a
general law can be and has been made applicable. The following
cases are in point:

Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400; Ward
v. Harris Co. (T.C.A. 1919) 209 S.W. 792, writ refused; Austin
Brothers v. Patton (Com. App. 1926) 288 S.W. 182; Kitchens v.
Roberts (T.C.A. 1930) 24 S.W. (2d) 464, writ refused; Duclos
v. Harris Co., 251 S.W. 569, affirmed, Sup. Ct., 114 Tex. 147,
263 S.W. 562.

In the Duclos case the Galveston Court of Civil Ap-
peals was concerned with the validity of that portion of an
Act of the Legislature reorganizing the 23rd Judicial District
and creating the 80th Judicial District wherein the District
Clerk of Harris County was given $1200.00 per year additional
compensation. The court said:

"As before stated, we think these declarations
of the law settle the question, and that so much of
this Act as attempted to award the $1200.00 addition-
al compensation must be held unconstitutional and void.

That a general law could be made applicable
to the matter of compensating the District
Clerk of Harris County is best demonstrated
by citation of the fact that one existed at the time
this special attempt to add to that compensation
was made. By Article 3883, Revised Statutes of
1911, the maximum amount of fees the District
Clerk of Harris County might retain was fixed at
$2,750.00, while by Article 3889, applying to all
counties with a population in excess of 38,000,
it was further provided that district clerks,
among other enumerated officers, might also re-
tain one-fourth of the excess fees collected
by them until such one-fourth amounted to the
sum of $1,500.00. So that under these provisions
of the general laws of the State then prevailing,
the District Clerk of Harris County was limited to
a total compensation of $4,250.00 per annum. Fur-
thermore, by Revised Statutes, Article 3891, the
Legislature made clear its purpose not to permit
the district clerks in those counties having
more than one district court to retain their
maximum of fees for services performed in each
of such courts by this enactment:

"'In all counties in this state having more
than one judicial district, the district clerks
thereof shall in no case be allowed fees in ex-
cess of the maximum fees allowed clerks in
counties having only one district court.'"

The SupremeCourt granted a writ of error but affirmed
the judgment of the Court of Civil Appeals, saying:

"We granted the writ of error because we
questioned whether this provision granting
additional compensation to this officer was
special or local, in view of the fact it is a
part of a law creating a district court,
which is a general law. An act creating
a district court is a general law, and as a
matter of course the Legislature has the
authority in the creating act to legislate
as to all necessary provisions and essential
elements of the Court; but that does not
justify the inclusion of local or special laws
or provisions which are in themselves subject

to general legislation, and which in fact
are provided for and controlled by general
laws. Such provisions, even though included
in a general law, are nevertheless special
and local.

"If the Legislature had, by enactment other
than in the bill creating the court, attempted
to increase the salary of the clerk of Harris
County alone, such enactment would clearly
be a special and local law, and violative
of section 56, article 3. Can the fact that
it is included in the provisions of a general
law creating a new court in a county in
which a clerk for all district courts was al-
ready provided and his compensation fixed
under a general law, the same as for all
other clerks in like counties, change its na-
ture and effect from that of a special and
local law? We thinknot. To so hold would
be to look to the form and not the spirit and
purpose of the law.

"* * *.

"The act creating the court was essentially
a general act or law. The provision pro-
viding for extra compensation of the clerk
different from all other like clerks, as al-
ready provided for by the law in the Maximum
Fee Bill, was essentially special and local.
Under these conditions we are of the opinion
that the fact that it was included within
the body of the general law does not change
its character, nor make it immune from the
constitutional prohibition."

You are therefore advised in answer to your first
question, that in our opinion Senate Bill No. 184 is a local
or special law regulating the affairs of Bexar County, that
it is a law concerning a subject about which a general law
can be and has been made applicable; and consequently that
it falls within the prohibition of Section 56 of Article 3
of the Constitution of Texas.

APPROVED
OPINION
COMMITTEE
BY    BWB
CHAIRMAN

In view of our answer to your first question, we
find it unnecessary to pass upon your second.

Very truly yours
ATTORNEY GENERAL OF TEXAS

APPROVED APR. 10, 1941
(s) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By  (s)    James D. Smullen
Assistant