

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable I. Predecki
County Auditor
Galveston County
Galveston, Texas

Dear Sir:

Opinion No. 0-5328
Re: Constitutionality of Senate
Bill No. 286, Acts of the
48th Legislature, Regular
Session, 1943.

Your letter of May 22, 1943, requesting the opinion
of this department on the above stated matter, reads in part
as follows:

"On August 18th, 1941, your Opinion No. 0-3790
held unconstitutional H. B. #436, enacted by the
47th Legislature on the subject mentioned above.
At the regular session of the 48th Legislature S.
B. #286 was enacted. This bill attempts to amend
H. B. #73, enacted at the first called session of
the 33rd Legislature.

"I find that H. B. #73 was enacted as a spe-
cial law; Chapter 10, on Page 226 of the General and
Special Laws enacted at the first called session of
the 33rd Legislature.

"Your opinion is respectfully requested as to
the constitutionality of both H. B. #73 and the
amendment as enacted, referred to as S. B. #286,
Acts of the 48th Legislature.

"In Galveston County, the Commissioner repre-
senting Prec. #2 is entirely within the city limits
of Galveston and there are no roads in this Pre-
cinct. The Seawall built by Galveston County and
the Boulevard, which is used as a driveway, is part

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENT

Honorable I. Predecki, page 2

of the protective work and is partially within the limits of Precinct #2.

"Should you find this bill constitutional, please advise me how I am to determine whether the Commissioners have incurred the expense provided for, when on official duties and when for personal use.

". . . ."

Senate Bill No. 286, Acts of the 48th Legislature, Regular Session, 1943, reads as follows:

"An Act to amend House Bill No. 73, an Act passed by the First Called Session of the 33rd Legislature of the State of Texas to create a more effective road system for Galveston County, Texas; making county Commissioners of said county ex-officio precinct road commissioners and prescribing their duties as such etc; by adding Section 2a providing for additional duties of the County Commissioners and by adding Section 2b providing for the payment of traveling expenses to the County Commissioners, for the use of their private automobiles, when incurred only in the performance of their official duties pertaining to the maintenance of the public roads and highways of said county; and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"Section 1. That House Bill No. 73, passed at the First Called Session of the 33rd Legislature of the State of Texas be amended by adding thereto Section 2a to read as follows:

"'Section 2(a). The County Commissioners shall make an inspection of the public roads, highways, and other appurtenances pertaining thereto within their respective precincts and within their jurisdiction during or immediately after the occurrence of any storm, flood or high tide, the occurrence of which would prebably damage or obstruct

said public roads, highways and appurtenances.
If such inspection reveals that said roads, high-
ways and appurtenances have been damaged or ob-
structed in any County Commissioners precinct, it
shall be the duty of said Commissioner to close
said road, highway or appurtenance or to install
adequate facilities and/or warning signs at or near
the scene of said damage or obstruction, suffi-
cient to warn the public thereof, and to proceed
as soon as is possible thereafter to have such
damage repaired and obstruction removed therefrom.'

"Sec. 2. That House Bill No. 73, passed at
the First Called Session of the 33rd Legislature,
of the State of Texas be amended by adding thereto
Section 2b to read as follows:

"'Section 2(b). The County Commissioners of
Galveston County, Texas, are each hereby allowed
actual traveling expenses not to exceed the sum of
Fifty ($50.00) Dollars per month for the use of
their private automobiles, provided however that
such traveling expenses shall be allowed only when
incurred by the County Commissioners in the perform-
ance of their duties pertaining to the maintenance
of the public roads and highways of said county.
Each county commissioner incurring such expense
shall file a claim with the Commissioners Court,
and, if said claim is in order, same shall be ap-
proved, allowed and ordered paid by said court as
a claim against the county. Said claim shall be
paid out of the road and bridge fund of said coun-
ty in the same manner as provided by law for the
payment of other claims from said fund.'

"Sec. 3. The fact that Galveston County is
now without an adequate road law, and is urgently
in need of such a law, creates an emergency and an
imperative public necessity, that the Constitution-
al Rule requiring bills to be read on three several
days in each House be suspended, and the same is
hereby suspended, and that this Act take effect and
be in force from and after its passage, and it is
so enacted."

Honorable I. Predecki, page 4

        House Bill No. 73, Acts of the 33rd Legislature,
First Called Session, 1913, was enacted as a special road
law under the provisions of Article VIII, Section 9, of the
Constitution of this State.  Senate Bill No. 286, Acts of
the 48th Legislature, Regular Session, 1943, also was enact-
ed as a special law for Galveston County under the provisions
of Article VIII, Section 9, of the Constitution, amending
House Bill No. 73, supra.

        It is stated in the case of Crow v. Tinner, 47 S.W.
(2d) 391 (Tinner v. Crow, 78 S.W. (2d) 588):

        "Was the law enacted for the better main-
    tenance of roads in Hill county?  The Legislature
    by house bill No. 500 had placed new and addition-
    al burdens on the commissioners with reference to
    the roads of Hill county.  The purpose was to
    secure a better system of roads for the county.
    It was apparent that the commissioners would incur
    extra expense in discharging these new duties.
    In return, the amendment in question undertook to
    compensate them out of the road and bridge fund
    for the expenses so incurred.  The use by the com-
    missioners of their private automobiles for the
    accomplishment of this purpose and in connection
    with such work clearly had to do with the 'main-
    tenance of the public roads' of the county, and
    if so, the Legislature had the authority under
    the Constitution by a local law to authorize the
    use of a part of the road and bridge funds to ac-
    complish this purpose.  A careful supervision of
    the roads by the commissioners was as essential
    to the maintenance of the roads and the creation
    of an efficient system as would have been the super-
    vision thereof by a civil engineer.  If the com-
    missioners were to assume and discharge these
    burdens, it was essential that they be provided
    with the means of doing so.  This could have been
    done either by providing the means of conveyance
    or by compensating the commissioners for the ex-
    penses incurred by them in doing so.

        "It is true that the building and mainten-
    ance of roads is a part of the affairs of a county

Honorable I. Predecki, page 5

and that a special law regulating the maintenance
of roads is to a certain extent a law regulating
the affairs of the county; but, if such special law
undertakes to regulate only that part of the affairs
of a county pertaining to the maintenance of roads,
it is not prohibited by the Constitution. Chief
Justice Phillips in Altgelt v. Gutzeit, 109 Tex.
123, 201 S. W. 400, 401, said: 'No doubt the Leg-
islature, in the passage of local road laws, may,
within proper bounds, provide compensation for
extra services to be performed by those officials
(the commissioners) where uncontrolled by general
laws and required by such local laws and directly
connected with the maintenance of the public roads.'"
See Kitchens et al. v. Roberts, 24 S.W. (2d) 464,
Jameson, et al. v. Smith, 161 S.W. 520, Austin
Bros. v. Patton, 288 S.W. 182, and Quinn v. John-
son, 91 S.W. (2d) 499.)

As heretofore stated Senate Bill No. 286, supra, is
a special road law and was enacted as such. This Act is limit-
ed to the maintenance of public roads and imposes added and new
duties not imposed by general law and provides for reimburse-
ment of the county commissioners for certain expenses incurred
by them as authorized by said Act. For the reasons stated here
and the foregoing authorities we regard said Senate Bill No.
286 constitutional, and so hold.

You also inquire as to the constitutionality of
House Bill No. 73, supra. What has been said with reference
to Senate Bill No. 286, is equally applicable to House Bill
No. 73, Therefore, it is our opinion that said House Bill No.
73 is constitutional.

You further ask in effect, if the bill is found to
be constitutional, how are you to determine whether the com-
missioners have incurred the expense provided for? Senate
Bill No. 268 expressly provided that each commissioner in-
curring such expense shall file a claim with the commission-
ers' court, and, if such claim is in order, same shall be ap-
proved, allowed and ordered paid by said court as a claim
against the county. Said Act further provides that such
traveling expense shall be allowed only when incurred by the
county commissioners in the performance of their duties per-
taining to the maintenance of public roads and highways of
said county.

Honorable I. Predecki, page 6

It is our opinion that in view of the Act under consideration the commissioners' court determines the amount of expense incurred for traveling expenses by the county commissioners for the use of their private automobiles and that when a claim for such expenses is filed with the commissioners' court, if said claim is in order, said court has the legal authority to approve, allow and order said claim to be paid.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:db

APPROVED JUN 8, 1943

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN