

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 13, 1947

Hon. Tom A. Craven
County Auditor
McLennan County
Waco, Texas

Opinion No. V-337

Re: Constitutionality of
H. B. 547, 50th Legis-
lature.

Dear Sir:

Your letter to this Department reads in part as follows:

"I shall thank you to advise me wheth-
er or not, in your opinion, House Bill #547,
50th Legislature, entitled 'An Act amending
McLennan County Road Law, Acts 1929, Forty-
first legislature, First Called Session,
page 70, chapter 34', is valid.

"In the event you should indicate that
the House Bill #547 referred to is invalid,
I shall thank you then to advise me whether
or not, in your opinion, the McLennan County
Road Law, Acts 1929, Forty-first Legislature,
First Called Session, page 70, chapter 34, is
valid."

Before your first question can be answered, it
becomes necessary that we examine the original Act known
as the McLennan County Road Law, Acts 1929, Forty-first
Legislature, First Called Session, p. 70, ch. 34, and
ascertain whether said Act in its original form is con-
stitutional. If said Act is constitutional, then we be-
lieve that H. B. 547, 50th Legislature, entitled an Act
amending the McLennan County Road Law, Acts 1929, First
Called Session, p. 70, ch. 34, would be valid; otherwise
not. Crow v. Tinner, 47 S.W. (2d) 391, affirmed 124
Tex. 368, 78 S.W. (2d) 588.

The original McLennan County Road Law, supra,
is very long, and we shall refrain from setting the same
out in its entirety, but shall quote only those parts
which we deem pertinent.

Sections 1 and 2 provide as follows:

"Section 1. The county commissioners' court of McLennan County, Texas, shall at a regular session, or called meeting thereof, within ninety days, after the passage and taking effect of this Act, employ a county road superintendent for McLennan County. Said superintendent shall have charge of all public highway construction, and maintenance, together with the building of bridges, and culverts, in McLennan County, Texas.

"Sec. 2. Said Road Superintendent shall be a graduate civil engineer, experienced and skilled in highway construction and shall receive as salary for his services a sum of not less than Twenty-five hundred ($2,500.00) Dollars, nor more than Six Thousand ($6,000.00) Dollars per annum, payable monthly out of the General Fund of McLennan County upon warrants drawn by the County Judge, or Chairman of the Commissioners' Court of said County."

Sections 3, 4 and 5 of said Act provide for the Road Superintendent's bond and also set out his duties. The Act is composed of twenty-seven sections and provides, among other things, for the appointment of a consulting engineer, for the use of the county convicts in the construction of the county roads, for eminent domain proceedings, for the employment of two road keepers in each Commissioner's precinct, and states that when bonds have been issued and sold that the proceeds shall be used in constructing roads and culverts and sets out the method of procedure which is to be followed; but nowhere does it provide for an election, for the levy and collection of taxes for the purpose of maintaining and constructing public roads or highways. It further provides that each county commissioner shall be the road commissioner in his respective precinct, shall issue a bond for $1,000.00 in addition to the regular bond, and that each county commissioner of McLennan County shall receive as compensation for his services as such road commissioner, in addition to the salary now allowed him under the general law as county commissioner, the sum of $1800.00 per annum to be paid out of the general fund of McLennan County.

Article III, Sec. 56, of the Constitution provides, among other things, that the Legislature shall not,

except as otherwise provided in this Constitution, pass
any local or special law authorizing:

Regulating the affairs of counties,
cities, towns, wards or school districts;

Authorizing the laying out, opening,
altering or maintaining of roads, highways,
streets or alleys;

Creating offices, or prescribing the
powers and duties of officers, in counties,
cities, towns, election or school districts;

and that in all other cases where a general law can be
made applicable, "no local or special law shall be en-
acted" except "the preservation of the game and fish of
this State in certain localities."

The pertinent portion of Article VIII, Sec. 9,
of the Constitution reads as follows:

". . . and the Legislature may also
authorize an additional annual ad valorem
tax to be levied and collected for the fur-
ther maintenance of the public roads; pro-
vided, that a majority of the qualified pro-
perty tax paying voters of the county voting
at an election to be held for that purpose
shall vote such tax, not to exceed fifteen
(15) cents on the one hundred dollars valu-
ation of the property subject to taxation in
such county. And the Legislature may pass
local laws for the maintenance of the public
roads and highways, without the local notice
required for special or local laws. . ."
(Emphasis ours)

The effect of the last statement of Section 9
of Article VIII of the Constitution, above quoted, super-
cedes the above quotation from Article III, Section 56,
supra, insofar as it pertains to roads and highways. The
authority conferred by Section 9, Article VIII, of the
Constitution, supra, is not to enact special road laws
of all kinds for all purposes indiscriminately, but is
authority merely to pass local laws for the maintenance
of the public roads and highways.

It will be noted that in substance the subject
matter of the McLennan County Road Law is otherwise dealt

208

with by general law.

Articles 6737 to 6739, V.C.S., inclusive, provide for the appointment of road commissioners by the Commissioners' Court, for the bond for such road commissioners and the duties to be performed.

Articles 6743-50, V.C.S., provide generally for the appointment by the Commissioners' Court of a road superintendent, for his oath and bond, his compensation, powers and duties. The duties of the superintendent provided for in Article 6746 are substantially the same as those set out in the McLennan County Road Law.

Article 6762, V.C.S., specifically provides that in all counties having as many as 40,000 inhabitants that the members of the Commissioners' Court shall be ex officio road commissioners of their respective precincts and that the Commissioners' Court shall have charge of the teams, tools and machinery belonging to the county and placed in their hands by said Court. They shall superintend the laying out of new roads, making or changing of the roads, and building of bridges under rules adopted by the Court, and with the further provision that each Commissioner shall first execute a bond of $1,000.00.

Article 793, C.C.P., provides for the compensation or credit to be allowed a prisoner for his labo

Article 794, C.C.P., provides for the use by the Commissioners' Court of the county convicts to perform work on the public roads of the county and for guards over such convicts, and all the necessary powers are vested in the Commissioners' Court to prevent the escape of the convicts.

Was the original Act to create a more efficient road system for McLennan County when there are no provisions in the Bill for the levy and collection of additional taxes for the construction and maintenance of county roads? We think not. The Act simply makes provisions for certain things that are already provided for under the general laws of this State such as the appointment of road commissioners, road superintendents, working of county convicts, together with the increase of the county commissioners' salaries

for performing the regular duties incumbent upon them and without imposing any added duties or burdens upon said county commissioners.  This being true, it is our opinion that the law in question merely undertakes to regulate county business contrary to the Constitution, Article III, Section 56, and is not a local road law for the maintenance of public roads and highways.  The conclusions reached here seem to be in harmony with what Chief Justice Phillips said in Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400, and quoted by Chief Justice Alexander in Crow v. Tinner, 47 S.W. (2d) 391, at 393:

> "No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials . . . where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads."  (Affirmed 124 Tex. 368, 78 S.W.(2d) 588)

The contents of the Act before the Court in the Altgelt case were almost identical with those in the instant case, and were known as the Bexar County Road Law. The Act is set out in 187 S.W. 220.(Opinion of the San Antonio Court of Civil Appeals which was reversed by the above decision)

In the case of Kitchens v. Roberts, 24 S.W.(2d) 464, writ refused, the constitutionality of the Wood County Road Law was in question, said Act providing that each county commissioner of Wood County should be ex officio Road Supervisor of his respective precinct, setting out his duties as such, and providing for an increase of the county commissioner's salary for such services rendered. The Court, in construing the language used in the Altgelt case, had this to say:

> "Evidently, we think, what the Chief Justice meant was that the Legislature might by a special or local law impose duties with reference to public roads not imposed by the general law on a county commissioner, and in such special or local law provide for compensation to the commissioner for the extra services required of him.  But the Legislature did not undertake to do that in the instant case, but undertook instead to do the thing the court determined in the Altgelt-Gutzeit

> Case it could not do -- that is, 'to legislate upon the subject of their (county commissioners') general compensation or to alter the general laws governing it.'"

The case of Jameson v. Smith, 161 S.W. (2d) 520, writ refused, is to the same effect.

As stated by the Courts in all of the above cases, there is no doubt that local road laws may be passed providing for compensation for extra services rendered by officials where uncontrolled by general laws, if such is directly connected with or incidental to the maintenance of the public roads.

Here, such is not the case. It appears that the Act attempts to do indirectly something which cannot be done directly, and is in contravention of Article III, Section 56, supra. In fact, everything for which this Act provides is also set out in the general laws as hereinbefore set out. It is not one which, on its face, can be successfully said is "to create a more efficient road system for McLennan County" in the sense as provided under the Constitution. We think it clear that the Legislature passed this law without any intention of constituting the same as a local or special road law for the maintenance of public roads and highways within the meaning of the provision of the Constitution, Article VIII, Section 9, supra. If it were the desire, purpose and intention of the Legislature to pass such a law, it could have easily manifested the same by incorporating therein facts or elements sufficient to make it fall within that term as provided by the Constitution. In its failure to so provide, we are impelled to hold that the original Act as passed in 1929, by the Forty-first Legislature, known as the McLennan County Road Law, is unconstitutional.

H. B. No. 547, Acts of the 50th Legislature, R. S., 1947, provides:

> "Section 1. That the McLennan County Road Law, Acts, 1929, Forty-first Legislature, First Called Session, page 70, Chapter 34, be and the same is hereby amended by adding a new Section following Section 22, to be designated 'Section 22a,' and to read as follows:

"'Section 22a.  The Commissioners Court
of McLennan County is hereby authorized to
allow each Commissioner a sum not to exceed
Fifty Dollars ($50) per month for traveling
expenses and depreciation on his automobile
while traveling on official business in the
County of McLennan in connection with the
maintenance and supervision of the public
roads and highways in said County.'

"Sec. 2.  The fact that in the County
affected by this Act there is a great need
that the County pay the expenses of the
County Commissioners as provided for in
this Act on account of large bond issues
voted and sold for road and bridge purposes,
thus greatly increasing the necessity of
such County Commissioners traveling from
place to place, creates an emergency and an
imperative public necessity demanding that
the Constitutional Rule requiring bills to
be read on three several days in each House
be suspended, and said Rule is hereby sus-
pended, and this Act shall take effect and
be in force from and after its passage, and
it is so enacted."

In view of the answer in the first question,
it naturally follows that H. B. No. 547 of the 50th Leg-
islature, is also unconstitutional for the reason that
it attempts to amend an unconstitutional Act, which may
not legally be done.  If, on the other hand, H. B. 547,
supra, is considered separately from the original Acts
of 1929, supra, it is still unconstitutional and comes
within the purview of Opinion No. 0-4162 of this Depart-
ment, a copy of which we are herewith enclosing.

We wish to call to your attention that this
Department was contacted by one of your representatives
with reference to drafting a bill which would increase
the allowance to the commissioners for expenses while
traveling outside the county on official business.  One
of the assistants of this Department advised that such
a bill should be drawn amending Section 1a, H. B. 84,
49th Legislature, R.S., 1945, which would be a general
law and, therefore, would be constitutional.  However,
we were not asked to pass upon the constitutionality of
H. B. No. 547, supra, and, as is the policy of this of-
fice, when said bill was drawn we appended thereto the

following:

"It is understood that preparation of this proposed draft is no indication whatever that its substance, policy or constitutionality is approved or passed on by the Attorney General's office."

SUMMARY

The McLennan County Road Law, Acts 1929, Forty-first Legislature, First Called Session, page 70, chapter 34, is unconstitutional, being in violation of Sec. 56, Art. III, of the Constitution. Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400.

H. B. No. 547 of the 50th Legislature, amending the above Act, is also unconstitutional since it attempts to amend an invalid Act.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*
Bruce Allen
Assistant

BA:djm

Enclosure

APPROVED:

*Price Daniel*
ATTORNEY GENERAL