

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 5, 1947

Hon. H. L. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion No. V-235

Re: Constitutionality of
an Act which only ap-
plies to counties
within population
brackets shown by
the census of 1940.

We refer to your letter of May 12, 1947, in
which you submit the following:

"Our Commissioners' Court desires a
ruling by your Department as to the con-
stitutionality of that part of Chapter
50, H.B. No. 51, amending Article 5142,
passed by the present Legislature, which
reads as follows:

"'Provided further that in counties
having a population of not less than Nine-
teen Thousand (19,000) and not more than
fifty thousand (50,000) as shown by the
1940 Federal Census and which has an assess-
ed valuation of taxable property of not
less than Twenty-five Million Dollars ($25,-
000,000), one juvenile officer may be ap-
pointed by the Commissioners' Court, whose
salary may not exceed Three Hundred Dollars
($300) per month and expenses not to exceed
Six Hundred Dollars ($600) per year.'

"Hutchinson County has a population of
19,069 as shown by the 1940 Federal Census,
and a Tax Roll valuation of $29,394, 725.00
as shown by the 1946 tax roll." (Emphasis
added)

The language "having a population of not less
than nineteen thousand (19,000) and not more than fifty
thousand (50,000), as shown by the 1940 Federal census,
and which has an assessed valuation of taxable property
of not less than Twenty-five Million Dollars ($25,000,-
000)," definitely confines the application of the Act
to the counties which met those requirements at the ef-

fective date of the Act. No other county can ever come into the same class because of the tie to the 1940 census and to the present tax rolls of the counties now in the class. The provisions of the Act only apply to the counties of Bell, Brazoria, Duval, Ellis, Fort Bend, Gray, Hutchinson, Jim Wells, Montgomery, Tom Green, Van Zandt, Victoria, Wharton and Wood.

Section 56 of Article III of the State Constitution reads in part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing...

"Regulating the affairs of counties, cities, towns, wards or school districts."

The Supreme Court of Texas held in the case of Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400, that an Act fixing the salaries of County Commissioners was an Act "regulating the affairs of counties" within the purview of the Constitution, and that an attempt to do so by local or special law was void.

In the case of City of Fort Worth v. Bobbitt, 36 S.W. 2d, 470, the Court had the question of the validity of an Act which applied to cities having a population of not less than 106,000 inhabitants and not more than 110,000 inhabitants according to the census of 1920. The Court said:

"The Constitution in plain and simple terms prohibits the enactment of any local or special law regulating the affairs of cities, or changing their charters. It cannot be denied that this law does have reference to regulating the affairs of cities. If it is a local or special law, it is therefore unconstitutional and void...

"If we should hold this law to be constitutional when it describes and confines its application to one city, we would in effect be holding the constitutional provision under discussion an idle and vain thing, and can be evaded by a subterfuge. We therefore hold that the Act in question is unconstitutional and void."

Hon. H. L. Roberts, Page 3


The Court then quotes from Lewis' Sutherland Statutory Construction (2d ed) p. 397, et seq., as follows:

"A classification based upon existing or past conditions or facts and which would exclude the persons, places, things or objects thereafter coming into the situation or condition, is special and void. Thus a classification of cities or counties based upon existing population or upon the population shown by specific census is of this character."

The Texas Court of Criminal Appeals quoted extensively from the City of Fort Worth case and followed its conclusions in Smith v. State, 49 S.W. 2d 739.

The case of City of Fort Worth v. Bobbitt, Attorney General, supra, should not be confused with City of Fort Worth v. Bobbitt, Attorney General, 41 S.W. 2d 228. In the latter case the Court held a statute constitutional which applied to "cities in the State of Texas, having a population of more than 100,000 inhabitants according to the last preceding United States census." (Emphasis added). This wording, "last preceding" census, allows other cities or counties to come within the situation or condition in the future, and when based upon otherwise reasonable classifications, such laws have been upheld. Such cases only emphasize the invalidity of a special act limited to the 1940 census and 1947 valuations.

We are of the opinion that the provision of H. B. No. 51 passed by the 50th Legislature inquired about in your letter is a local or special law and unconstitutional.

## SUMMARY

That part of H. B. No. 51, Acts of the 50th Legislature amending Article 5142,R.C.S. which fixes salaries of juvenile officers and which definitely confines its application to counties between a maximum and a minimum population according to the census of 1940; or which only applies to counties having a taxable valuation of more than a stated amount at the effective date of the Act, is

a local or special law regulating the affairs of counties and is unconstitutional. Const. Art. III, Sec. 56; Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400; City of Fort Worth v. Bobbitt, 36 S.W. 2d 470.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By W. T. Williams
Assistant


APPROVED JUNE 5, 1947

ATTORNEY GENERAL

WTW:djm*