

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 23, 1957.

Honorable Donald E. Short　　　　　Opinion No. WW-6
County Attorney
Wichita County　　　　　　　　　　Re: Constitutionality of the
Wichita Falls, Texas.　　　　　　　　Wichita County Road Law

Dear Mr. Short:

　　　　You have requested an opinion on the constitutionality
of Senate Bill 145, Acts of the 36th Legislature, Second Called
Session, 1919, Local and Special Laws, Chap. 85, Page 261, as
amended by House Bill 637, Acts of the 38th Legislature, Second
Called Session, 1923, Special Laws, Chap. 100, page 372, entitled
"An Act creating a more efficient road system for Wichita County,
Texas."

　　　　Senate Bill No. 145 provides that the members of the
Commissioners Court shall be ex-officio Road Commissioners and
shall have the right to adopt rules and regulations for proper
maintenance of the roads; provides that the members of the
Commissioners Court when acting as road commissioners shall re-
ceive additional compensation; authorizes the issuance of
bonds for the construction of roads, but fails to provide for
the levying of taxes, provides for the employment of a road
superintendent; and provides for the use of convict labor on
roads.

　　　　Section 56 of Article III of the Constitution of Texas
provides in part:

　　　　"The Legislature shall not, except as otherwise
　　　　provided in this Constitution, pass any local or
　　　　special law, authorizing:

　　　　. . .

　　　　"Regulating the affairs of counties, cities, towns,
　　　　wards or school districts;

　　　　. . .

　　　　"Authorizing the laying out, opening, altering or
　　　　maintaining of roads, highways, streets or alleys;

　　　　. . .

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; . . ."

Section 9 of Article VIII of the Constitution of Texas provides in part:

". . . and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county. And the Legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws . . ." (Emphasis ours)

The scope of the term "maintenance of the public roads and highways" as used in Section 9 of Article VIII of the Constitution of Texas has been discussed in several cases. Smith v. Grayson County, 24 S.W., 921 (Tex. Civ. App., 1897, error refused); Tarrant County v. Shannon, 129 Tex. 264, 104 S.W.2d, 4, (1937); Tinner v. Crow, 124 Tex. 368, 78 S.W.2d, 588 (1935); Austin Brothers v. Patton, 288 S.W. 182 (Com.App. 1926); Hill v. Sterrett, 252 S.W.2d, 766 (Tex. Civ.App., 1952, error refused)."

In Hill v. Sterrett, the Court stated:

"The authority conferred by Section 9, Art. 8, of the Constitution, supra, is not 'to enact special road laws' of all kinds, for all purposes indiscriminately, but is authority merely to pass local laws for the maintenance of the public roads and highways..' Austin Bros. v. Patton, Tex. Comm. App., 288 S.W. 182, 187. A local road law, to come within the protection of Art. 8, sec. 9, must be limited to the maintenance of public roads and highways. Jameson v. Smith, Tex. Civ. App., 161 S.W. 2d, 520; Tinner v. Crow, supra."

In the case of Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W, 400, the Supreme Court held invalid a similar road law in Bexar County as being in violation of Section 56 of Article III of the Constitution of Texas, stating:

"The question is whether this amounts to a law 'regulating the affairs' of the county and hence within the inhibition of Section 56 of Article 3 of the Constitution, which declares that, except as otherwise therein provided, the Legislature shall not pass any local or special law regulating the affairs of counties, cities, towns, etc., and, further that no local or special law shall be enacted where a general law can be made applicable, or is to be held as properly incident to a law for the maintenance of the public roads, such as the Legislature, under amended Section 9 of Article 8, may adopt as a local law without the previous constitutional notice.

"We regard the section as a plain attempt to fix the compensation of the commissioners for all services required of them by law. The amounts payable to County Commissioners in return for the discharge of their general duties are fixed by general laws, as they should be. It is provided by Article 3870 that they shall each receive three dollars for each day they are engaged in holding a term of the commissioners' court; but shall receive no pay for holding more than one special term of the court per month. By Article 6901 as amended by the Acts of 1913 (Acts 33rd Leg. c. 123 /Vernon's Sayles' Ann. Civ. St. 1914, Art. 6901/), they are constituted supervisors of the public roads of their counties, and their compensation for services as such is fixed at three dollars per day for the time actually employed in those duties, limited to not more than ten days in one month. By Section 5 of this special act (Loc. & Sp. Acts 33rd Leg. c. 77) these general laws are declared as suspended. It says that the annual salary of $2,400.00 for each commissioner of Bexar County there provided shall be 'in lieu of all other fees and per diem of all kinds now payable or that may hereafter be allowed by general law.' This simply means that for their general services their compensation shall be no longer as limited by the general law, but shall be as fixed by this law. The salary thus provided for, in other words, was intended to cover, not merely their services having to do with the public roads as required by the act, but all services required of them by law. Just what relation a local law making provision for a county road system can properly have to the subject of the general compensation of county commissioners, it is

difficult to perceive. No doubt the Legislature, in the passage of local road laws, may, within proper bounds, provide compensation for extra services to be performed by those officials <u>where uncontrolled by general laws and required by such local laws and directly connected with the maintenance of the public roads.</u> We are not called upon to determine that question here.

"As indicating the broad scope of this act and throwing light upon the purpose of Section 5, though essentially a local law and denominated as an act making provision for a road system for Bexar County, it attempts, in another section, to fix the <u>ex-officio compensation of the county judge at not less than $2,500.00.</u>" (Emphasis ours)

In Attorney General's Opinion No. V-337 (1947), this office construed as invalid a similar road law for McLennan County, and in Attorney General's Opinion V 1315 (1951) this office also construed as invalid similar provisions in the Dallas County Road Law. See <u>Hill v. Sterrett,</u> supra.

A study of the Wichita County Road Law reveals that no additional duty is placed on the Commissioners' Court with reference to the laying out, maintenance and control of county roads and bridges. Since no additional duty is placed on the Commissioners' Court the purpose of the act is to allow additional compensation to the county commissioners for performing duties required of them under the general law. Therefore, under the rule announced in <u>Altgelt v. Gutzeit,</u> this constitutes a local or special law regulating the affairs of counties in violation of Section 56 of Article III of the Constitution of Texas.

## SUMMARY

Senate Bill 145, Acts of the 36th Legislature, Second Called Session, 1919, Local and Special Laws, ch. 85, p. 261, does not impose any additional duties on the Commissioners' Court of Wichita County other than those duties required under the General law; therefore, the Wichita County Road Law constitutes a local or special law regulating the affairs of

counties in violation of Section 56 of Article III of the Constitution of Texas. Altgelt v. Gutzeit, 109 Tex. 123, 201 S.W. 400, 1918.

Yours very truly,

WILL WILSON
Attorney General

By John Reeves
John Reeves
Assistant

APPROVED:

OPINION COMMITTEE

H. Grady Chandler, Chairman